A. C. HALL, ADM'R v. JONATHAN YORK'S ADM'R.

In an action on a title bond for land, where the vendor is unable to make title, and there is no special damage (or fraud?) alleged, the measure of damages is the purchase money and interest.

If the rule be different in cases of fraud, it is not in every case of fraud that it prevails. Every man who sells land that does not belong to him, commits a fraud. But unless there be additional circumstances of fraud, and special damages resulting to the vendee, the measure of damages is only the purchase money and interest.

In an action by the assignee of a title bond for land, against the obligor, where it is not alleged that any consideration was paid to the obligor, although there be a general charge against him of fraud in the sale of the land, and the consideration paid by the assignee to the obligee be fully stated, a demurrer to the petition is properly sustained, and the petition dismissed, upon the plaintiff's declining to amend.

Although the judge, in sustaining the demurrer, decided that, in no event, could the plaintiff recover more than the purchase money and interest, if the plaintiff could have made out such a case of fraud on the part of the obligor, as would have entitled him to a different measure of damages, he should have tendered an amendment, presenting to the court the facts upon which he relied.

APPEAL from De Witt. Tried below before the Hon. Fielding Jones.

The petition contained a general charge of fraud by appellee's intestate, in the sale of the land to Cox, with specific allegations, showing the failure of his title; but there was no allega-

tion that the facts which occasioned his title to fail, were known to the obligor. The facts are stated in the opinion.

*Wm. S. Glass*, for appellant. In sustaining the defendant's exceptions to the amended petition, the district judge ruled that the plaintiff could recover only the money paid by Cox, with interest. The plaintiff was thus precluded from amending, except in conformity with the opinion of the court, which he declined to do. The question is not, solely, whether the amended petition was defective, but whether it could not have been amended, so as to entitle the plaintiff to a different relief from that to which he was restricted by the opinion of the court. If he might have recovered, upon proper allegations and proof, the purchase money paid by his intestate to Cox, or the value of the land when the fraud was detected, or at the time of the rejection of the bond by the administrator, or at the time of the commencement of the suit, and interest, or its value at the time of the trial, or his actual and necessary expenses in the investigation of the title, it is submitted, the case must be reversed.

*J. J. Holt*, for appellee.

BELL, J. This cause was before the court on a former appeal. The report of the case will be found in 16 Tex. Rep. 18. The suit was originally instituted by the appellant's intestate against Jonathan York, the administrator of John York, to recover five thousand dollars, as the penalty of a bond for title to land. The original petition set forth the execution of a title bond by John York to James Cox, for half a league of land, and the subsequent assignment or transfer of the bond, by James Cox to James Hall, Cox having sold the half league of land to Hall. The petition represented that York could not make title to the land, and prayed judgment against his estate for five thousand dollars, the penalty of his bond.

On the first trial, the jury returned a verdict that the plaintiff

Hall v. York.

should pay the costs.   There arose several questions in the case, which were discussed in the former opinion of this court.   The judgment was reversed, because of the insufficiency of the verdict; and this court, in anticipation of another trial of the cause, thought proper to say; in the opinion, that the plaintiff was not entitled to recover the penalty of York's bond, but that his measure of damages was the purchase money and interest.

When the case went back to the District Court, the plaintiff amended his petition, and charged that John York had committed a fraud in the sale of the land to Cox.   The plaintiff then proceeded, in his amended petition, to set forth particularly the consideration paid by himself to Cox for the land, and prayed judgment against the estate of York for that amount, and also for five hundred dollars as special damages, (in the way of attorneys' fees,) sustained by him in the prosecution of his suit.   The defendant below demurred to the plaintiff's amended petition, on the ground that it did not disclose what consideration had passed to John York for the sale of the land described in his bond, and therefore showed no cause of action against John York's estate.   The demurrer to the petition was sustained; and the plaintiff declining further to amend, the cause was dismissed, and the plaintiff below presents to this court his second appeal.

It is well settled by the case of Sutton v. Page, 4 Tex. Rep. 142, that in a case like the present, where the vendor of land is not able to make title, the vendee's measure of damages is the purchase money and interest, and nothing more.   In this case, John York's responsibility on his bond was fixed by the instrument itself, and could not be affected by subsequent transactions between his vendee and other persons.   It is true, that the amended petition charges York with fraud, and it is contended, that in cases of fraud on the part of the vendor, the measure of damages is not restricted to the purchase money and interest.   Without discussing the subject of the measure of damages, in cases where the vendor commits a fraud upon the vendee, it is enough for the present purpose, to say, that it is

not in every case of fraud, on the part of a vendor, that the vendee will be entitled to recover anything beyond the purchase money and interest. Every man who sells land that does not belong to him, commits a fraud. But unless there be additional circumstances of fraud, and special damages resulting to the vendee, the measure of damages against such a vendor, would be only the purchase money and interest. In this case, the petition did not allege what consideration passed to John York for the sale of the land to Cox. Neither was such a case of fraud, on the part of York, presented by the amended petition, as to entitle the plaintiff to recover special damages, beyond the purchase money paid to York, and interest. The consideration that passed from Hall to Cox, could not furnish the basis for computing the damages against York's estate.

The bond from York to Cox did not recite any consideration. There was nothing, therefore, in any part of the pleadings, which showed what was the consideration paid to York. The court, therefore, did not err in sustaining the demurrer to the amended petition of the plaintiff.

Of course, if the plaintiff showed no case against the defendant, he could not recover attorneys' fees, as damages, for prosecuting such a suit.

It is said in the appellant's brief, that if the plaintiff below could have made out a case of fraud on the part of York, that would entitle him to recover special damages, then the judgment must be reversed, because the opinion announced by the judge below, that nothing but the purchase money paid to York and interest, could be recovered by the plaintiff, in any event, made it unnecessary for him to amend. In answer to this, it is enough to say, that such a case of fraud was not presented by the petition; and if the plaintiff below could have made out such a case, it was his duty to have tendered an amendment, presenting his case to the judge. The judgment is affirmed.

Judgment affirmed.