JONES VS. KING.

*Slander — New trial.*

In an action for slander (and, *it seems*, in other " hard actions "), where
the verdict was for the defendant, and should have been for the
plaintiff for *nominal damages only*, no rule of law having been violated
by the court in admitting or rejecting evidence, or in its instructions
to the jury, and the jury not having disregarded the instructions
given, nor otherwise acted improperly, a *new trial* will not be
granted.

APPEAL from the Circuit Court for *Waupaca* County.

*J. F. McMullen*, for appellant :

1. A verdict that there was no cause of action is clearly un-
supported by the evidence. *Miles v. Harrington*, 8 Kansas,
425; *Flint v. Clarke*, 13 Conn., 361. 2. When a verdict is un-
supported by any evidence, and is in total disregard of instruc-
tions given by the court on material points, it should be set
aside. *Hayward v. Ormsbee*, 7 Wis., 111; *Van Valkenburgh v.
Hoskins*, id., 496; *Whalon v. Blackburn*, 14 id., 432. 3. The
plaintiff is prejudiced by not obtaining a verdict for nominal
damages, because he has in consequence been mulcted in costs
to the amount of $121.11. *Eaton v. Lyman*, 30 Wis., 46.

*E. L. Browne*, for respondent.

LYON, J. This is an action for slander. The complaint
charges the speaking by the defendant, to and concerning the
plaintiff, of certain slanderous words, imputing to the latter the
committing of divers criminal offenses. The defendant by his
answer denies the speaking of some of the slanderous words set
out in the complaint, and admits the speaking of others of them,
and alleges, by way of mitigation, that the plaintiff provoked
him, by charging him with crime and by applying to him
grossly insulting epithets, to utter the language complained of.

The evidence shows that the parties casually met and

Jones vs. King.

engaged in a conversation, which at first was reasonably good natured, but soon became an angry verbal altercation, in which vile epithets and charges of crime were freely hurled by each at the other. It will serve no useful purpose to state the testimony in detail, or to inquire which of the parties was most to blame. It is better for them both that we forbear to spread upon this record the particulars of their foolish and disgraceful encounter.

Some objections on behalf of the plaintiff were made to the admission of testimony, and overruled; but they relate mainly to unimportant matters, and are not mentioned in the brief of counsel for the plaintiff. Considering that they are abandoned, no further notice will be taken of them. No valid exception was taken to the charge of the court, and no objection is made in the argument to its correctness.

It should also be stated that considerable testimony was given tending to impeach the character of the plaintiff.

The jury returned a verdict for the defendant, upon which, after a motion for a new trial had been overruled, judgment was rendered dismissing the complaint, with costs.

The plaintiff appeals, and his counsel claims that there should have been a verdict for nominal damages, at least, which, while it would have only carried nominal costs for the plaintiff, would have defeated the defendant's rights to recover costs.

The claim of the learned counsel is doubtless correct. The speaking of words by the defendant, to and concerning the plaintiff, imputing to him a criminal offense, as charged in the complaint, is admitted by the answer. The plaintiff was therefore entitled to a verdict for at least nominal damages, without introducing any testimony, and without regard to the testimony which was introduced on the trial; and such verdict would have defeated the recovery of costs by the defendant.

It should be observed that the circuit judge was not asked to charge, and did not, directly, charge the jury that the plaint-

iff was entitled to a verdict for *some* damages. He did not say to the jury (as he well might) that the answer of the defendant admits, and also that the undisputed testimony proved, that actionable words were spoken by the defendant to and concerning the plaintiff as alleged in the complaint. But the judge, in his charge, more than once refers to the speaking of such words, hypothetically. His language is, "if the words were spoken," and the like. Hence the verdict is not in disregard of the instructions of the court.

It must also be observed that evidence of express malice on the part of the defendant seems to be entirely wanting in ·the case. In view of this fact, and of the uncontradicted testimony· on certain other points (which it is unnecessary to specify), we are perfectly well satisfied that the plaintiff should have recovered no more than nominal damages. Indeed, we do not understand his counsel to claim that he is entitled to anything beyond that.

We have before us, then, an action for slander, in which the verdict was for the defendant, but should have been for the plaintiff for nominal damages only ; and in which it is not claimed that any rule of law has been violated by the court, in admitting or rejecting testimony, or in the instructions to the jury, or that the jury have disregarded the instructions of the court, or have behaved improperly. From these data we are to determine whether the plaintiff is entitled to a new trial of his action.

In *Laubenheimer v. Mann*, 19 Wis., 519, it was held that a judgment of nonsuit, although erroneous, will not be reversed, if it appear that the plaintiff is only entitled to nominal damages, if the case be one in which the defendant would recover costs notwithstanding there is a judgment for nominal damages rendered against him. That was an action for a penalty, and was within the jurisdiction of a justice of the peace. Hence, had the plaintiff recovered nominal damages, the defendant would have been entitled to costs, the same as upon a nonsuit.

In *Mecklem v. Blake*, 22 Wis., 495, which was an action to re-cover damages for alleged breaches of the covenants of seizin and against incumbrances in a deed of land, the court followed the decision in *Laubenheimer v. Mann*, and refused to reverse a judgment dismissing the complaint, although it appeared that the plaintiff was entitled to recover, but only to recover nominal damages. The fact was entirely overlooked that such damages, in that action, would have entitled the plaintiff to costs. Hence, in *Eaton v. Lyman*, 30 Wis., 42 (which was also an action on the covenants contained in a conveyance of real estate), *Mecklem v. Blake* was overruled as to the point we are considering, and, it appearing that the plaintiff was entitled to nominal damages, we reversed a judgment of nonsuit against him. We are entirely satisfied with this decision, and believe that it establishes the correct rule in all actions sounding in contract, to which it is applicable.

But there is a class of actions denominated in the books "hard actions," to which a different rule has been applied in numerous cases. Of these actions, and of the rules relating to new trials which are applicable to them, a learned author says: "Hard actions strictly include only civil proceedings, involving in their nature some peculiar hardship, arising from the odium attached to the alleged offense, or the severity of the punishment which the law inflicts on the offender in the shape of damages. To this belong most actions arising *ex delicto*. Trespass, *slander*, *libel*, seduction, malicious prosecution, criminal conversation, deceit, gross negligence, actions upon the statute, or *qui tam* actions, prosecuted by informers, and penal actions, prosecuted by special public bodies, or the public at large, are ranged under this head. But as they partake, less or more, in their nature and effect, of prosecutions for criminal offenses, the rules that govern in granting or refusing new trials, and the reason of those rules, are drawn from criminal cases, rather than civil." 1 Graham & Waterman on New Trials, 503 (ch. 14). It is scarcely necessary to say that in criminal prosecu-

tions, after trial and verdict for the defendant, a new trial is never granted.   But the rule is not as broad in the class of civil actions mentioned above; yet in those actions it is much broader in favor of defendants, than in other civil actions.   In the volume last above cited we find the following statement: "It is a general rule, with but few exceptions, that in penal, and what are denominated hard actions, the court will not set aside the verdict, if for the defendant, although there may have been a departure from strict law in the finding of the jury." (p. 353.)   And again on page 523: "In hard actions, a new trial will not be granted, especially if the verdict be for the defendant, although against evidence, nor unless some rule of law be violated."

The author proves the correctness of the principles and rules thus laid down by him, by references to large numbers of cases, both English and American; and he satisfactorily demonstrates that in a case like the present one a new trial cannot be granted without a violation of well settled rules of law. Perhaps as satisfactory a statement of the law on this subject as can be found, is contained in *Jarvis v. Hathaway,* 3 Johns., 180.   Judge SPENCER there says: "In penal actions, in actions for a libel and for defamation, and other actions vindictive in their nature, unless some rule of law be violated in the admission or rejection of evidence, or in the exposition of the law to the jury, or there has been tampering with the jury, the court will not give a second chance of success."   Add to these, other conditions which exist in this case, to wit, that, at the most, the plaintiff is only entitled to recover nominal damages, and that the jury have not disregarded the instructions of the court, and there can be no doubt whatever that the motion for a new trial was properly denied by the court below.

Our conclusion is, that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.