Reid *et al. v.* Johnson.

Filed October 14, 1892.

---

No. 15,792.

REID ET AL. *v.* JOHNSON.

MECHANIC'S LIEN.—*Agreement not to File Notice.—Violation of.—Cross-Complaint.—Nominal Damages.—Sustaining Demurrer.—Harmless Error.*—In an action against a contractor, who had purchased the material, and the owner of the property, to enforce a mechanic's lien and recover the amount of the claim, the contractor filed a cross-complaint claiming damages for a breach of contract on the part of the plaintiff in filing the notice of mechanic's lien. The cross-complaint does not state in what manner or to what extent the contractor was injured. There was a prayer for $500 damages. To this cross-complaint a demurrer was sustained.

Reid *et al. v.* Johnson.

*Held,* that as there was no averment that the contractor was damaged in any sum, the prayer for damages could not supply such deficiency.

*Held,* also, that if the cross-complaint was good, the sustaining of the demurrer thereto would not amount to reversible error, since if any damages were recoverable under the cross-complaint they would only be nominal, and a wrong ruling is only available error when it does harm to the substantial rights of the complaining party.

From the Marion Superior Court.

*J. F. Carson* and *C. N. Thompson,* for appellants.
*W. N. Harding* and *A. R. Hovey,* for appellee.

McBRIDE, C. J.—The appellant was a contractor, employed by George W. and Jane G. Bender to erect a dwelling-house upon land belonging to them. He purchased material of one John B. Emerson, who took the necessary steps to secure a lien for the same on the property. Emerson became insolvent, and the claim passed into the hands of a receiver, who sold it under order of court to the appellee.

This suit was by her to recover the amount of the claim and foreclose the lien. The principal controversy in this court arises on the action of the trial court in sustaining a demurrer to a paragraph of cross-complaint filed by the appellant. The pleading in question alleges: "That heretofore, to wit, on the —— day of ———, 1886, the said defendant contracted to erect and complete a dwelling-house for his co-defendant, George W. Bender, on the property described in the complaint herein,—being a contractor. And this defendant says that one John B. Emerson, a dealer in lumber, offered to furnish estimates for the lumber necessary to be used in the construction of said house. And the cross-complainant says that it was agreed, by and between said Emerson and this defendant, that said Emerson would furnish the lumber necessary for the construction of said house, upon agreed prices. And it was also stipulated, as a part of said agreement between said cross-complainant Reid and said Emerson, that said Emerson would not file any notice

of a mechanic's lien on said property for any lumber furnished by said Emerson, which notice, if filed, would affect the standing and credit of defendant Reid as a contractor. That said Emerson consented to said stipulation, and agreed, in consideration of defendant Reid purchasing said lumber of said Emerson, not to file any notice of a mechanic's lien therefor. And defendant Reid says he performed all the conditions of said agreement on his part to be performed, but says that said Emerson, in violation of, his said contract, did file such notice of a mechanic's lien, to the injury and damage of this defendant's credit and standing as a contractor. And defendant Reid says that plaintiff, Mary L. Johnson, is the purchaser of the claim in suit, being a claim for said lumber, at a sale held by the assignee of said Emerson under order of the proper court ; that said John B. Emerson is now wholly insolvent; that the amount of damages due defendant Reid, by reason of the breach of the contract herein referred to, should be set off as against the claim of the plaintiff herein." Wherefore, etc.

The paragraph concludes with a prayer for a judgment for $500, and that the same be set off against any judgment rendered in plaintiff's favor on the claim.

The theory of this paragraph is that the appellant is entitled to recoup damages for Emerson's violation of his agreement to waive his right to a lien.

It is clear that if any damages are recoverable at all under the averments of this paragraph of cross-complaint, the recovery would be limited to nominal damages. No special damages are averred. It does not appear wherein, in what manner, or to what extent, the appellant was injured, either in his character or in his standing as a contractor. There is no averment that he was damaged in any sum. The prayer for a judgment for $500 can not supply the place of such an averment. It is not a case where the damages can be computed or in any way ascertained from the facts. pleaded.

Whether damages are recoverable at all for a breach of such a contract we need not decide. Assuming that damages are recoverable, and that the paragraph in question is sufficient for the recovery of nominal damages, the error in sustaining the demurrer to it will not justify a reversal. A wrong ruling is only available as error when it does harm in a material degree to the substantial rights of the complaining party. Elliott's App. Proc., section 636.

When the averments of a pleading are such as to authorize the recovery of nominal damages and no more, and do not in any way involve the establishment or vindication of any substantial right it is not available error to sustain a demurrer to it.

The only additional question discussed arises on the court's action in overruling a motion for a new trial. The question is not properly in the record. We have, however, examined it, and are of the opinion that the court did not err as the appellant contends.

Judgment affirmed.

Filed Oct. 15, 1892.