HOUSTON & TEXAS CENTRAL RAILROAD CO. ET AL. v. J. W. WRIGHT.

Delivered January 5, 1897.

**1.  Breach of Contrract—Special Damages—Charge of Court.**

Where it is not pretended that the contract was made with reference to certain conditions through which special damages resulted on account of a breach of the contract, a charge as to the measure of the damages thus occasioned is erroneous.

**2.  Statute of Frauds—Parol Sale of Land—Part Performance.**

Where, under an agreement for the sale of land, the purchaser took possession thereof, paying the greater part of the purchase money and making valuable improvements, the contract is not within the statute of frauds.

**3.  Breach of Contract—Waiver of Damages.**

The final acceptance of a deed by the vendee in a contract for the sale of land does not constitute a waiver of damages previously accruing on account of delay in the delivery of the deed.

APPEAL from Tarrant.   Tried below before Hon. W. D. HARRIS.

*W. T. Burns,* for appellants, cited, on the proposition that the acceptance of the deed constituted a waiver of damages:   Fry on Spec.

Per. of Contracts, sec. 821; Pomeroy on Contracts, sec. 418; Bigelow on Estoppel, 578, 538.

*J. D. Cunningham*, for appellee.—Where in an executory contract for the sale of lands there has been performance or willingness to perform by vendee, but a breach of performance by vendor, on account of negligence, the vendee is entitled to any damages he may sustain on account thereof. Tynan v. Dullnig, 25 S. W. Rep., 465; 2 Sutherland on Damages, 249, 227; 5 Lawson, Rights and Remedies, secs. 2612, 2497, 2637; Railway v. Crawford, 31 S. W. Rep., 177.

TARLTON, Chief Justice.—This appeal is from a verdict and judgment in the sum of $1400, recovered by the appellee J. W. Wright against the Houston & Texas Central Railroad Company and Frederick P. Olcott. The amount awarded is for damages growing out of the breach of a contract on the part of the appellants for the sale and conveyance of 640 acres of land, known as section No. 43, in block No. 3, survey No. 1122, in Wilbarger County, Texas.

According to the contention of the appellee, the appellants, acting through their agent, J. S. Napier, agreed with the appellee, on December 10, 1891, to sell and convey the land in question, at the price of $2.50 per acre, of which $1280 were paid to the agent, the remaining $320 to be represented in a promissory note secured by vendor's lien on the delivery of the deed. According to the terms of the contract, the deed was to be delivered within a reasonable time, alleged to be thirty days. This condition was not complied with, and hence the breach. A deed, however, was subsequently executed by the owner of the land and accepted by the plaintiff, in the early part of 1894, in consideration of the money previously paid to Napier and the execution of the note representing the deferred payment of $320.

According to the further contention of the appellee, he contracted in May, 1893, for the sale of the section to his brother, W. C. Wright, at the price of $7.50 per acre. This contarct he was unable to consummate, on account of the fact that the defendants had failed to execute a deed in accordance with the agreement of Napier. It is further contended by the appellee that the land had decreased in value to such an extent as not to be worth more than $3200 at the date of the execution and acceptance of the deed.

The record shows that the transaction with W. C. Wright was made the basis of the plaintiff's recovery, and the court charged the jury, in effect, that the measure of damages was the diminished value of the land at the time of the execution of the deed, with reference to the amount which would have been realized had the sale to W. C. Wright been completed.

It will be noted that this special transaction between the appellee and his brother occurred more than one year after the alleged breach of the contract to convey.

It is not pretended that "at the date of the contract the defendants had notice of the special conditions rendering such damages the natural and probable result of such breach, under circumstances showing that the contract was to some extent based upon or made with reference to such conditions." Railway v. Belcher, 35 S. W. Rep., 6.

Hence, under the authority of the case cited and the reasoning of the court as set out in the opinion rendered therein, we hold that there was error in the feature of the charge above adverted to, which will require a reversal of the judgment. For cases bearing upon the question of what is the proper measure of damages in a case of this character, we refer to Heilbroner v. Douglas, 45 Texas, 402, and authorities there cited, and to Tynan v. Dullnig, 25 S. W. Rep., 465.

We think the evidence was such as to justify a conclusion that Napier and his successor Mabry were the agents of the appellants, or in any event that their conduct in the character of agents could be regarded as having been ratified by the receipt and appropriation of the money paid by the appellee to Napier.

Any question that the receipts executed by Napier are obnoxious to the statute of frauds cannot avail the defendants, because of the undisputed fact that the plaintiff took possession of the land in accordance with the agreement, and placed valuable improvements thereon, paying the greater part of the purchase money. Wooldridge v Hancock, 70 Texas, 18.

The part performance by the plaintiff, claiming the enforcement of the contract, takes the case out of the operation of the statute. Morris v. Gaines, 82 Texas, 255.

We also overrule appellant's proposition to the effect that the final acceptance of the deed should be regarded as a waiver of damages previously and otherwise legitimately accruing from a breach of the contract. Had the deed not been executed, the vendee could have sued for a specific performance and for damages in the same action. Pomeroy on Contracts, secs. 469 and 481. The execution of the deed avoided the necessity of a suit for specific performance. If, however, damages had been sustained in the meanwhile, no reason is perceived why an action would not lie for their recovery, especially under the liberal system of procedure prevailing in this State.

Other assignments criticising the charge need not be considered.

The judgment is reversed, and the cause is remanded.

*Reversed and remanded.*