### C. W. Hahl & Company v. J. O. West.

#### Decided June 1, 1910.

**1.—Sale of Land—Executory Contract—Breach—Damages.**

In cases of executory contracts for the sale of land in which the vendor has no title to the land, the purchaser is not entitled to recover the difference between the contract price and the market value, but, if he has paid the purchase money, is entitled to recover it with interest from date of payment, and any special damage accruing from having been induced to enter into the contract. If he has not paid any part of the purchase money, and the vendor does not own the land, no recovery could be had upon the breach of the contract, but the action could only be based upon a tort for inducing the purchaser to enter into such a contract.

**2.—Same—Pleading.**

In a suit to recover damages for breach of an executory contract for the sale of land which the contractor did not own, pleading considered and held subject to general demurrer. ·

Appeal from the District Court of Victoria County. Tried below before Hon. James C. Wilson.

*L. B. Moody,* for appellant.—Where a vendor in a contract to convey land did not have title at the time the contract was made, and did not thereafter acquire title, and the purchase money has not been paid, the purchaser is entitled to recover such special damages as he may have incurred by reason of the breach of said contract by the vendor. Clifton v. Charles, 53 Texas Civ. App., 448; Krebs v. Popp, 42 Texas Civ. App., 341: Cross v. Everts, 28 Texas, 534; Brewer v. Wall, 23 Texas, 589; Wells v. National Life Assn. of Hartford, 53 L. R. A. 35.

Upon breach of an executory contract, the party injured is entitled to recover all his damages, including gains prevented as well as losses sustained, provided the damages be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, and such as might naturally be expected to follow its violation, and are certain and definite. Anderson Elec. Co. v. Cleburne Water, I. & L. Co., 44 S. W., 930, 931; Sabine Tram. Co. v. Jones, 43 S. W., 908; Alamo Mills Co. v. Hercules Iron Wks., 1 Texas Civ. App., 691; Houston & T. C. Ry. Co. v. Hill, 63 Texas, 385; 13 Cyc., 35; Wells v. National Life Assn. of Hartford, 53 L. R. A., 45, note.

*Proctor, Vandenberge & Crain,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellants sued appellee to recover damages alleged to have accrued by reason of the breach of a contract to convey certain lands to appellants.   General and special exceptions were sustained to the petition and from the judgment of dismissal following the sustaining of the exceptions, this appeal has been perfected.

The following were the allegations of the petition: "That heretofore, to wit, on the 2d day of November, 1906, plaintiffs entered into a contract in writing with the defendant, whereby defendant granted to plaintiffs an option to purchase the following described land: Located about 10 miles S. E. from Victoria, in Victoria County, Texas, adjoining and lying east of what is known as the Victoria Rice & Irrigation Company farm, and more particularly described as follows: All of the A. B. Williams survey; all of the S. A. & M. G. R. R. survey No. 12; and parts of surveys Nos. 10 and 8 of the S. A. & M. G. R. R., about 2,400 acres lying adjacent to the land known as the Victoria Rice & Irrigation Co. farm, in Victoria County, Texas, at a price of $15 per acre net to defendant, one-third cash upon delivery of the deed, and the balance to be evidenced by vendor's lien notes secured by said property in equal parts, due respectively on or before 1, 2, 3, 4 and 5 years, with interest at the rate of 6 percent per annum, interest payable annually.

"Said contract further provided that defendant agreed to furnish a complete abstract showing good title to date of conveyance, and that plaintiffs should pay interest at the rate of 6 percent per annum from June 1, 1907, up to date of conveyance of the above described property, in addition to other considerations named therein.

"Said contract further provided that the same should be good only so long as the option given by A. Levi & Co. to plaintiffs for the purchase of the Victoria Rice & Irrigation Company property should be kept in good standing, and should plaintiffs fail in their performance of any of the stipulations of said contract, that then, and in that event, said option should be null and void.

"Plaintiffs further show to the court that the defendant wholly failed to furnish any abstract showing a good title in him to said property or any part thereof, and plaintiffs allege that at the time of the making of said contract, and at all times since, defendant had and has had no title to said lands or any part thereof, which fact was well known to defendant at the time of the making of said contract, but was at said time unknown to plaintiffs and was concealed from plaintiffs by defendant, and was not discovered by plaintiffs until after December 24, 1906.

"Plaintiffs further show to the court that on the 6th day of March, 1907, they were ready, able and willing to carry out the said contract and to pay the cash part of the purchase price and to execute the notes described therein, and plaintiffs deposited the cash part of said purchase price, namely, the sum of $12,000, with A. Levi & ·Co., at Victoria, Texas, and notified defendant that they had so deposited said sum of money for the purpose of paying the cash part of said purchase price, and that they were ready to pay the same over to him, and to pay the interest stipulated for in said contract, and to execute the said notes, and to comply in every respect with their part of said

contract, and demanded of him that he procure conveyance of said lands to them from the owner thereof, which defendant then promised to do, but the defendant wholly and willfully failed to procure said conveyance to plaintiffs of said lands.

"Plaintiffs further show to the court that they have, ever since the said 6th day of March, 1907, been ready, able and willing to carry out and perform their part of the said contract with defendant, and have repeatedly and upon divers dates, so notified him, and requested him to procure a conveyance to them of the said lands from the owner thereof at the price and upon the terms stipulated in said contract; but the defendant has wholly and willfully failed and refused and still willfully refuses so to do.

"Plaintiffs further show to the court that the option given by A. Levi & Co. for the purchase of the Victoria Rice & Irrigation Co. property was kept in good standing at great expense to plaintiffs, to wit, the sum of $8,400, until November 1, 1907, and became forfeited then solely because of the failure and refusal of the defendant to carry out the contract sued on herein.

"Plaintiffs further show to the court that during the months of October and November, 1906, they were real estate agents, engaged in the business of buying and selling lands upon commission, and in buying lands for sale upon their own account and selling the same, and in selling lands upon which they held options of purchase, all of which facts were well known to the defendant; that upon the 30th day of October, 1906, they procured an option contract in writing from A. Levi & Co., covering the lands and other property formerly owned by the Victoria Rice & Irrigation Co., the title to which property was then held by the said A. Levi & Co., but the defendant was the owner of a beneficial interest therein, and was fully informed concerning said option contract; that said option contract with A. Levi & Co. was made and entered into by plaintiffs with the object in view of effecting a sale thereof as speedily as possible to other parties at a price higher than the price stipulated for in said option contract and thereby realizing a profit upon said transaction, which object and intention was well known to defendant on and prior to November 2, 1906; that the lands covered by said option contract with A. Levi & Co. are cut off and separated from the railroad by the lands described in the contract sued on herein, and which said lands were represented by the defendant to these plaintiffs as belonging to the defendant, and thereupon plaintiffs represented and caused to be represented to defendant that it would be difficult for them to find a purchaser for the said lands formerly belonging to the Victoria Rice & Irrigation Co., unless they were able at the same time to sell to such purchaser the lands described in the contract sued on herein, and which, as before stated, were situated between said Victoria Rice & Irrigation Co. lands and the railroad, and thereupon and in consideration of such representation so made to defendant on behalf of plaintiffs, and for the purpose of enabling plaintiffs to find a purchaser for the said Victoria Rice & Irrigation Company lands, as well as for the lands described in the contract sued on herein, the defendant, on the 2d

Vol. LXI Civil—28.

day of November, 1906, made and entered into the contract sued on herein, well knowing at that time that it was the intention of plaintiffs to immediately procure a purchaser for said lands. at a profit to plaintiffs.

"Plaintiffs further show to the court that they immediately entered into negotiations to sell said property to certain Japanese, to wit, O. Takayama and others, and on the 24th day of December, 1906, entered into a valid and binding contract in writing with said Japanese, whereby said Japanese agreed to buy from plaintiffs the lands described in the contract sued on herein, and a portion of the Victoria Rice & Irrigation Company lands and other property at profit to these plaintiffs of fifty-one thousand dollars ($51,000); that is to say, the price to be paid under said contract by said Japanese exceeded the amount which the lands and other property were to cost plaintiffs under their option contracts for the purchase of same in the sum of $51,000.

"Plaintiffs further show to the court that said contract with said Japanese obligated plaintiffs to convey said lands and other property to them on November 1, 1907; and on the day preceding said November 1, 1907, that is to say on October 31, 1907, plaintiffs went to the defendant and stated to him that their contract with said Japanese provided and required that plaintiffs should convey said lands to said Japanese on said November 1, 1907, and that said Japanese had notified plaintiffs that they would be ready, willing and able to carry out and perform their part of said contract on November 1, 1907, and would on said day demand from plaintiffs a conveyance of said lands, and plaintiffs then and there notified defendant that unless he immediately performed the contract sued on herein, and caused the lands therein described to be conveyed to plaintiffs, the said contract with the said Japanese would become forfeited, and that great loss would thereby be entailed upon plaintiffs; and thereupon defendant stated to plaintiffs that he would meet them in Victoria the following day at the office of A. Levi & Co., and would bring his wife with him, and gave them to understand that he and his wife would, upon the following day, convey said lands to plaintiffs; and on the following day plaintiffs were at the office of A. Levi & Co. in Victoria, but defendant wholly disregarded his said promise to plaintiffs, and willfully and intentionally failed to meet plaintiffs at said time and place, and wholly failed to be in Victoria on said day; and on said first day of November, 1907, the said Japanese tendered to the plaintiffs the cash payment stipulated for in said contract, and tendered full performance of all their part of said contract, and were ready, willing and able to perform all of their part of said contract, and demanded of plaintiffs a conveyance of said lands and other property; but plaintiffs were wholly unable to comply with said demand, because, and solely because of the fact that defendant had failed and refused to carry out his contract with plaintiffs, and had failed and refused to cause the lands described in the contract sued on herein to be conveyed to plaintiffs, and thereupon, because of plaintiff's inability to comply with their part of said contract with said Japanese, the same became, according to its terms, forfeited, and of no further force or effect, and was so declared by said Japanese, by reason whereof the said profit of $51,000,

which had been secured to plaintiffs by said contract, became and was a total loss to plaintiffs.

"Wherefore and whereby and because of the willful failure and refusal of defendant to fulfill and carry out the contract sued on herein, plaintiffs have suffered special damages from the breach of said contract, which are here now specially pleaded, amounting to $51,000, and judgment therefor is demanded against defendant for their damages, as aforesaid, with interest thereon from November 1, 1907, at the rate of 6 percent per annum, and for costs of suit, and for general relief."

The first proposition is: "Where a vendor in a contract to convey land did not have title at the time the contract was made, and did not thereafter acquire title, and the purchase money has not been paid, the purchaser is entitled to recover such special damages as he may have incurred by reason of the breach of said contract by the vendor."

The action in this case is based on the breach of an executory contract, and is not one based on a tort against appellee for inducing appellants to enter into a contract to buy lands which he did not own. In cases of executory contracts for the sale of land, in which the vendor has no title to the land, the purchaser is not entitled to recover the difference between the contract price and the market value, but, if he has paid the purchase money, is entitled to recover it with interest from date of payment and any special damages accruing from having been induced to enter into the contract. If he has not paid any part of the purchase money, and the vendor did not own the land, no recovery could be had upon the breach of the contract, but the action could only be based upon a tort for inducing the purchaser to enter into such a contract. Clifton v. Charles, 53 Texas Civ. App., 448 (116 S. W., 120), and authorities therein cited.

The petition declared on a contract which was incapable of being specifically performed, because appellee did not own the land, and, no purchase money having been paid, no damage could be recovered for a breach of contract, and the court did not err in sustaining the general demurrer.

It is useless to discuss what damages might arise on the breach of an executory contract for sale of land, as the allegations showed a contract incapable of enforcement and without consideration. The judgment is affirmed.

*Affirmed.*

Writ of error refused.