## AMERICAN RY. EXPRESS CO. v. BEAN.
### (No. 9648.)

(Court of Civil Appeals of Texas. Fort Worth. May 21, 1921. Rehearing Denied July 2, 1921.)

**1. Carriers** ⏂⏘105(2) — **Damages for loss of profits held allowable.**

Where an express company wrongfully marked a shipment C. O. D., and thereby caused failure of a sale, and it knew that plaintiff was a wholesale dealer in coffee, and by reason of the indorsed value knew the selling price, it was charged with knowledge that plaintiff usually made a profit in business, and the item of profit was within the rule that a party breaking a contract is liable for damages he should reasonably expect to arise from the breach of contract.

**2. Carriers** ⏂⏘105(2)—**Damages for loss of business held not allowable.**

Where an express company wrongfully marked shipment C. O. D., and in consequence plaintiff lost a customer, the defendant is not liable for loss of business, good will, and patronage, where he was not notified that shipment was to a customer and that a loss of patronage was likely to result from a mistake.

### On Motion for Rehearing.

**3. Carriers** ⏂⏘105(2)—**Damages from loss of business dependent on knowledge.**

In an action against a carrier for negligently marking a shipment C. O. D., because of the loss of business, patronage, and good will, in the absence of a showing of notice to the defendant at the time of the making of the contract, or of the negligent act or omission, that the loss of business, patronage, and good will was to be expected from the negligent act, damages on this count will not be sustained.

**4. Carriers** ⏂⏘104—**Evidence held not to show damage.**

In an action against a railroad company for negligently marking a shipment C. O. D., when it should have been on time, where the manager of plaintiff's customer testified that he quit trading with plaintiff because of plaintiff's competition with him in sale of goods to cafés, the evidence does not support a finding of loss of business, patronage, and good will on account of the negligence of defendant.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by B. J. Bean against the American Railway Express Company. From judgment for plaintiff, defendant appeals. Affirmed in part, and reversed in part.

Bullington, Boone, Humphrey & Hoffman and Fulton & Myers, all of Wichita Falls, for appellant.

Cook, Spencer & Bailey, of Wichita Falls, for appellee.

CONNER, C. J. Appellee instituted this suit against the American Railway Express

Company for damages occasioned, as alleged, by the failure of the defendant to properly observe the plaintiff's shipping directions. It was alleged that the plaintiff was engaged in the wholesale and retail coffee business, buying, roasting, and selling coffee at Wichita Falls and to the retail merchants in and around said city, and had been so engaged for a number of years; that the defendant was engaged in the business of a common carrier of goods, wares, and merchandise for hire in said territory, and that on or about the 22d of August, 1919, the plaintiff delivered to the defendant for shipment and delivery to the Davis Cash Grocery, at Burkburnett, Tex., a consignment of coffee, which the consignee had agreed to buy on open account, 60 days' time, and to pay therefor the sum of $181.20, which was the market value of the said coffee at the said place at the time. It was further alleged that the defendant wrongfully marked and directed said shipment in such a manner as to show that it was a C. O. D. shipment, or shipment deliverable only upon the payment of the cash price, and that upon the tender of the shipment to the Davis Company that company refused to receive it, construing the demand for the cash as a reflection upon its credit. It was further alleged that the value of the shipment was written upon the consignment, which value, viz., $181.20, included a profit to the plaintiffs of $52.50, which was lost to the plaintiff; that the plaintiff necessarily expended the further sum of $34.71 in express charges, labor, and other expenses of repacking and reselling the coffee. Plaintiff prayed to recover these items of damage and for a further sum of $400 for loss of business, good will, and patronage of a customer, and exemplary damages in the sum of $400; the claim for exemplary damages being based on gross carelessness, negligence, and wanton misconduct, as set out in plaintiff's petition.

The defendant answered by a general demurrer, several special exceptions, and a general denial, and specially averred that it was agreed between the plaintiff and defendant that the shipment should be sent C. O. D., and that the refusal to receive the same on the part of the consignee was through no fault or negligence of the defendant, and that said goods were redelivered to the plaintiff. The defendant further denied notice or knowledge of any special circumstances entitling the plaintiff to the special damages sued for in his petition.

The case was tried by the court without a jury, and judgment was entered for the plaintiff in the aggregate sum of $437.21, with interest; the items being divided as follows, $52.50, loss of profit on the particular sale in question; $34.71, express charges, labor, and other expenses of repacking and reselling the coffee; $350, loss of business, good will, and patronage of a customer; the court refusing to allow any amount for exemplary damages. From the judgment so entered, the defendant has appealed.

[1] Appellant, by exceptions to the petition in the trial court and to the judgment, and under its assignments of error here, urges that the item of $52.50, loss of profits, and the item of $350, loss of business and good will and patronage of a customer, were and are not recoverable, for the reason that it does not appear that the defendant company had notice of the special circumstances which are alleged to have occasioned such losses. The plaintiff alleged such notice, and as to the $52.50 item for the loss on profits of the particular shipment in evidence, we agree with the trial court's conclusion that the defendant company did have such notice as makes it liable for that item of loss. It appears in the evidence that the plaintiff was a wholesale dealer in coffee, and had been for some five or six years engaged in the business of selling to retailers and others, and the defendant evidently knew that the shipment was to a retail dealer and could most naturally contemplate the fact shown that the sale and shipment involved a profit. We do not think it was necessary that the carrier should have known the precise limits of the profits. If interested in that subject, it could have been ascertained by an inquiry of the plaintiff. It did know by the indorsement of the value of the shipment upon the order therefor that the total sum to be paid by the customer was $181.20, which, as suggested, reasonably indicated that that sum included a profit. Such circumstances, we think, reasonably bring the case, as to the item of $52.50, within the rule on that subject as stated in the celebrated English case of Hadley v. Baxendale, 9 Exch. 353, and quoted with approval by our Supreme Court in the case of Pacific Express Co. v. Darnell, 62 Tex. 639, viz:

"Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of the contract should be such as may fairly and reasonably be considered either arising naturally, i. e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it."

[2] However, as to the further item of $350 loss of business, good will, and patronage of the customer, as awarded by the trial court, we think appellant's objections are well taken. The rule as quoted under the evidence will exclude this item. The evidence fails to indicate that appellant knew that the consignee was one of appellee's customers, or was given any intimation that a misdirection of the shipment would result in the loss of the consignee as a customer, and such a result was by no means a necessary or even a natural result of the appel-

lant's mistake; in fact, the evidence fails to show with any degree of certainty that such a result followed. We accordingly disapprove of the recovery of this item.

The further item of $34.71 is not attacked, and we accordingly conclude that the judgment below should be affirmed as to the items of $52.50 and $34.71, but reversed and here rendered that appellee take nothing as to the item of $350 allowed by the court below for loss of business, good will, etc.

Judgment affirmed in part, and reversed and here rendered in part.

### On Motion for Rehearing.

[3, 4] The notice of the probable consequences or special damages that will arise from a breach of contract or act of negligence must be shown to exist at the time of the making of the contract or of the negligent act or omission. See Express Co. v. Darnell, 62 Tex. 639; Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162. It is clear that this case was not brought within this general rule, nor yet, we think, within the Bourland Case, 99 Tex. 407, 90 S. W. 483, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 647, which, properly considered, is no exception to the general rule. Moreover, as originally concluded, it is by no means clear that the negligent omissions complained of caused the loss of the customer. On this point we have carefully considered the testimony. Among other things. Mr. Walker, general manager and buyer for the Davis Cash Grocery Company, testified:

"I quit buying coffee from Mr. Bean late in 1919. I quit buying from him because he was selling to cafés. I did that because he was cutting me out of that business. We are entitled to the café business. That's the way I look at it."

We remain of the opinion that a judgment for the special damages sought because of the alleged loss of the customer cannot be supported under the testimony within the meaning of the decisions. The damages in this respect, as we originally held, are altogether too remote.

The motion for rehearing will accordingly be overruled.