## SPENCER v. DAVIS et ux. (No. 1557.)

Court of Civil Appeals of Texas. Beaumont. July 1, 1927.

Rehearing Denied Sept. 28, 1927.

1. Husband and wife ⚖©270(7)—Petition alleging that land was community property, and that husband had right to sell it, but broke contract, stated cause of action.

In action against husband and wife for breach of husband's contract to sell land, petition alleging that land was defendants' community property, that title had been in husband, but was transferred by him to his son and by latter to wife in trust for community estate, and that husband had right to sell, contracted to do so, broke contract, and refused to deliver title, though able, stated cause of action.

2. Husband and wife ⚖©267(1)—Husband could sell community property conveyed by him to son and by latter to wife in trust for community estate.

Husband had right to sell and power to convey title to community property theretofore transferred by him to his son and by latter to wife in trust for community estate, notwithstanding trust deeds.

3. Vendor and purchaser ⚖©351(3)—Measure of damages for breach of executory contract to sell land is difference between contract price and reasonable market value at time.

Vendor, able to but failing or refusing to carry out executory contract for sale of land, is liable in damages for difference between contract price and reasonable market value at time of breach.

4. Husband and wife ⚖©270(2)—Wife holding community property in trust held proper party to suit, aided by attachment, for breach of husband's contract to sell land.

Wife acquiring title to community property in trust for community estate by successive conveyances from her husband and son *held* proper party to .suit for breach of husband's subsequent contract to sell land to plaintiff, in order to remove cloud from title of purchaser at attachment sale.

5. **Husband and wife ⊚⊸268(2)—Community property, conveyed to wife in trust, was subject to community debts.**

Community property, transferred by husband to son and by latter to wife in trust for community estate, was subject to community debts, notwithstanding trust deeds.

6. **Fraudulent conveyances ⊚⊸111—That deeds to wife in trust for community estate were of record 15 years did not affect trust.**

That deeds of community property to wife in trust for community estate had been of record some 15 years in county wherein land was located did not affect trust.

7. **Fraudulent conveyances ⊚⊸111—Community property, conveyed to wife in trust, held subject to attachment for damages by breach of husband's contract of sale.**

Community property, conveyed to wife in trust for community estate, *held* subject to attachment for damages by husband's breach of contract to sell land; rule that subsequent creditor cannot set aside conveyance as in fraud of creditors' rights being inapplicable.

8. **Fraudulent conveyances ⊚⊸111—Subsequent as well as prior creditors can subject property conveyed in trust for grantor to payment of debts.**

Subsequent as well as prior creditors of grantor can subject property conveyed in trust for grantor to payment of their debts.

9. **Vendor and purchaser ⊚⊸349—Allegations of petition, recognizing as wife's separate property land which husband contracted to sell, but claiming damages from husband for loss of bargain held subject to general demurrer.**

Allegations of petition, recognizing as wife's separate property land conveyed to her by her son, to whom husband transferred title before contracting to sell land to plaintiff, but claiming difference between contract price and market price at time of husband's breach of contract on theory of his liability for loss of bargain, *held* subject to general demurrer.

10. **Vendor and purchaser ⊚⊸351(9)—Measure of damages for breach of contract to sell land, not owned by vendor, is amount paid with interest, in absence of fraud, but only nominal amount if no consideration was paid.**

Measure of damages for breach of executory contract to convey realty by one who cannot make title is amount of purchase money paid with interest, in absence of fraud, but, if no consideration was paid, only nominal damages may be recovered.

11. **Vendor and purchaser ⊚⊸349—Allegations that defendant's authorized agent represented that defendant owned land belonging to his wife and agreed to sell it at price named in defendant's telegram held not to show actionable fraud.**

Plaintiff's allegations, in action for breach of contract to sell land theretofore conveyed to defendant's wife, that defendant's agent, authorized in writing to sell land, represented that defendant owned and would convey it, that defendant agreed to deliver, and agent to sell, it at price named in defendant's telegram to agent, that plaintiff's assignor accepted offer in writing and that defendant broke contract, did not make out case of actionable fraud.

12. **Attachment ⊚⊸117—Affidavit showing two defendants, but stating it was not sued out to harass "defendant," held fatally defective.**

Affidavit for attachment, showing that there were two defendants, but stating that it was not sued out for purpose of injuring or harassing "defendant," *held* fatally defective.

13. **Attachment ⊚⊸88—Affidavit not designating affiant as plaintiff's agent or attorney held fatally defective.**

Affidavit for attachment, not designating affiant as plaintiff's agent or attorney, *held* fatally defective.

On Rehearing.

14. **Courts ⊚⊸122—Petition showing on face right of action for only nominal damages is bad, though alleging damages within court's jurisdiction.**

Petition showing on its face that plaintiff has action for only nominal damages is bad on general demurrer, though he places damages at sum within jurisdiction of district court.

15. **Courts ⊚⊸122—"Amount in controversy" is amount claimed in petition as flowing from facts pleaded.**

"Amount in controversy" is amount claimed in plaintiff's petition, where legally flowing from facts pleaded as constituting cause of action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

16. **Courts ⊚⊸122—Court has jurisdiction of amount claimed in petition as flowing from facts pleaded, unless challenged by affirmative plea.**

Trial court has jurisdiction of amount claimed in plaintiff's petition, if legally flowing from facts pleaded as constituting cause of action, unless jurisdiction is challenged by proper affirmative plea.

17. **Pleading ⊚⊸8(20)—Statement that plaintiff was damaged in sum claimed is mere conclusion, where damages claimed are not recoverable on facts pleaded.**

Statement in petition that plaintiff was damaged in sum claimed was only a conclusion of the pleader, where damages claimed could not be recovered, as matter of law on facts pleaded.

18. **Pleading ⊚⊸205(2)—Jurisdictional questions can be raised by general demurrer.**

In Texas, jurisdictional questions can be raised by general demurrer.

19. **Pleading ⊚⊸205(1)—General demurrer is suggestion that facts pleaded do not entitle plaintiff to any relief within court's jurisdiction.**

General demurrer is suggestion to court that facts stated in pleading demurred to, if true, do not entitle plaintiff to any relief from court within its jurisdiction.

⊚⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**20. Courts ⚖121(1)—District court has no jurisdiction of action for only nominal damages.**

District court has no jurisdiction of action, where prayer is for only nominal damages.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by J. T. Spencer against J. O. Davis and wife. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

O'Fiel & Reagan and Jas. A. Harrison, all of Beaumont, for appellant.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellees.

WALKER, J. As assignee of one Van Auken, appellant instituted this suit in the district court of Jefferson county, Tex., against J. O. Davis and his wife, Rozina P. Davis, residents of California, to recover $42,000, which he alleged was the difference between the price at which J. O. Davis contracted to sell certain lands to Van Auken and the market value of said lands at the time Davis breached the contract and refused to deliver title. To give jurisdiction to the local court, appellant attached the lands covered by the contract. Davis and wife answered by plea of abatement, general and special demurrer, and motion to quash the attachment. These pleas were all sustained.

[1-3] Appellant alleged that the land covered by the contract was the community property of J. O. Davis and his wife, Rozina P. Davis, and that the title at one time was in J. O. Davis, but was by him transferred to his son, and by the son to Mrs. Rozina P. Davis, to be held in trust by her for the community estate; that all parties to these deeds recognized the trust; that the title never vested in Mrs. Davis as her separate property. On this theory of the case, appellant alleged that J. O. Davis had the right to sell and did contract to sell the land to Van Auken; that he breached this contract, and, being able, refused to deliver the title. His prayer was for damages in the difference between the contract price and the market value of the land at the time of the breach. This pleading stated a cause of action, and the court erred sustaining the general demurrer against this theory of appellant's case. If the property was community, J. O. Davis, had the right to sell it and the power to convey a title thereto, notwithstanding the trust deeds to Mrs. Davis. Where a vendor has the ability to perform his executory contract for the sale of land and fails or refuses to carry out his contract, he is liable in damages for the difference between the contract price of the land and the reasonable market value at the time of the breach. Garcia v. Yzaguirre (Tex. Com. App.) 213 S. W. 236.

[4-8] The court erred in sustaining the plea of abatement to the effect that Mrs. Davis was not a proper or necessary party to this suit. If, in fact, the land was the community property, it was subject to the community debts, notwithstanding the deeds to Mrs. Davis. That the deeds to Mrs. Davis had been of record some 15 years upon the deed records of Jefferson county, Tex., did not affect the trust with which they were burdened. Appellees are in error in invoking the proposition that a subsequent creditor cannot set aside a conveyance on the ground that it was made in fraud of the rights of creditors. While generally that is a sound legal proposition, it has no application to appellant's case as pleaded. He was not seeking to set aside the deeds under which Mrs. Davis held, but, recognizing her right to hold under such deeds, he was only impressing upon them a trust relation, which he did, taking as true the allegations of his petition. On the theory that the land was community property, it was subject to attachment for appellant's demand. The rule was thus stated by Judge Head in Rives v. Stephens (Tex. Civ. App.) 28 S. W. 707:

"If a conveyance be made with no intention that the title shall pass, but with the understanding that the grantee will hold in trust for the grantor, subsequent as well as prior creditors can subject the property to the payment of their debts, the same as other property of such a cestui que trust."

See, also, O'Neal v. Clymer (Tex. Civ. App.) 61 S. W. 545, on all-fours with the facts of this case.

If this land was subject to attachment for the community debts, Mrs. Davis was a proper party to the proceedings in order to remove the cloud from the title of the purchaser that her claim would constitute.

[9, 10] On his further allegations recognizing the property as the separate property of Mrs. Davis, but claiming damages against J. O. Davis on the theory that he was liable for the loss of Van Auken's bargain—that is, the difference between the contract price and the market price at the time Davis breached his contract—appellant's petition was subject to the general demurrer. Against one who breaches his contract to sell land not owned by him at the date of the contract, in Kelly v. Simon (Tex. Civ. App.) 262 S. W. 202, Judge Cobbs restated the rule as follows:

"The measure of damages for the breach of an executory contract to convey real estate when the seller cannot make title, in the absence of fraud, is the amount of the purchase money paid with interest. If no consideration has been paid, then only nominal damages may be recovered. Roberts v. McFadden, 32 Tex. Civ. App. 47, 74 S. W. 105; Clifton v. Charles, 53 Tex. Civ. App. 448, 116 S. W. 120; Dobson v. Zimmerman, 55 Tex. Civ. App. 394, 118 S.

W. 238; Hahl v. West, 61 Tex. Civ. App. 431, 129 S. W. 876; Garcia v. Yzaguirre (Tex. Com. App.) 213 S. W. 236; Vaughn v. Farmers' Nat. Bank, 59 Tex. Civ. App. 380, 126 S. W. 692; 39 Cyc. 2105; Hall v. York, 22 Tex. 641; Sutton v. Page, 4 Tex. 142; Hamburger v. Thomas (Tex. Civ. App.) 118 S. W. 770; Hollingsworth v. Mexia, 14 Tex. Civ. App. 363, 37 S. W. 455; Hall v. York, 16 Tex. 19; Wheeler v. Styles, 28 Tex. 240; Armstrong v. James (Tex. Civ. App.) 220 S. W. 420; Hammond v. Hannin, 21 Mich. 374, 4 Am. Rep. 490; Maupin on Marketable Title to Real Est. p. 228; First Sedgwich on Measure of Damages, 2105, 2106."

In the Garcia Case, cited by Judge Cobbs and by us, supra, it was said by Judge Montgomery, speaking for the Commission of Appeals:

"From these authorities it seems to be the settled law in this state that a vendee who contracts to purchase land from one who has no title can, in the absence of fraud, recover only the amount paid on the contract, if any, and such special damages, not including the loss of his bargain as he may allege and prove."

The propositions thus announced by Judge Montgomery and Judge Cobbs recognize two exceptions to the general rule as stated: First, special damages; and, second, fraud. Appellant pleaded no case of special damages. In order to make out such a case, Judge Cobbs said, in his Kelly Case, supra:

"In such cases, to recover special damages, it must be alleged and proven that it was the purpose and intention of the appellant to resell the property at some enhanced value, known to appellees at the time of making the contract. Haddock v. Taylor, 74 Tex. 216, 11 S. W. 1093; Railway v. Wright, 15 Tex. Civ. App. 151, 38 S. W. 836; M. K. & T. Ry. Co. v. Belcher, 89 Tex. 428, 35 S. W. 6; Payne v. Reynolds (Tex. Civ. App.) 239 S. W. 985; Amer. Exp. Co. v. Bean (Tex. Civ. App.) 233 S. W. 561; City of Brownsville v. Tumlinson (Tex. Civ. App.) 179 S. W. 1107; Hammond v. Hannin, 21 Mich. 374, 4 Am. Rep. 490; Hall v. York, 22 Tex. 641."

Appellant has presented no such theory of this case.

[11] Nor was fraud pleaded. The allegations that J. O. Davis had authorized in writing his agent, Bibb, to sell the land; that Bibb represented that the land belonged to Davis, and that he would convey the same, which representations Van Auken believed, that Davis by a telegram sent by him from Berkeley, Cal., to Bibb agreed to deliver the land at the price named, that on authority of the telegram Bibb agreed to sell Van Auken the land at the price named in the telegram, and that Van Auken accepted the offer in writing, and that Davis breached the contract, did not make out a case of actionable fraud. Roberts & Corley v. McFadden, Weiss & Kyle Land Co., 32 Tex. Civ. App. 47, 74 S. W. 105.

[12, 13] It appeared from the affidavit for the attachment that there were two defendants, J. O. Davis and his wife, Mrs. Rozina P. Davis, but the affidavit did not state that the attachment was not sued out for the purpose of injuring or harassing the *defendants*, but only stated that it was not sued out for the purpose of injuring or harassing the *defendant*. This was a fatal omission Buerger v. Wells, 110 Tex. 566, 222 S. W. 151. Perrill v. Kaufman, 72 Tex. 214, 12 S. W. 125. It further appears that the affidavit in this case was signed by one David E. O'Fiel, but it does not appear in the affidavit in what capacity he was acting. The affidavit does not designate him either as the agent or the attorney of the plaintiff. On this ground, also, the proceedings were properly quashed. Willis v. Lyman, 22 Tex. 268.

Reversed and remanded.

### On Rehearing.

[14] On original submission we held that appellant's count for damages, wherein he alleged ownership in Mrs. Davis, the contract to sell the property, and breach of that contract, was bad on general demurrer. The general demurrer was sustained on the ground that appellant's petition on this count stated a cause of action for nominal damages only. Against this holding the following proposition is advanced on this rehearing:

"A petition which sets out a legal cause of action for breach of contract entitles the plaintiff to at least nominal damages which carries court costs and for that reason is good against a general demurrer."

In support of this proposition the following authorities are cited: Campbell v. McFadden (Tex. Civ. App.) 31 S. W. 436; Davis v. Railway Company, 91 Tex. 505, 44 S. W. 822; Miller v. Moore (Tex. Civ. App.) 111 S. W. 751; Senter v. Brooks Supply Co. (Tex. Civ. App.) 278 S. W. 334; Chapman v. Witherspoon (Tex. Civ. App.) 192 S. W. 281; Ara v. Rutland (Tex. Com. App.) 215 S. W. 445; Railway Company v. Jenkins (Tex. Civ. App.) 89 S. W. 1106. After a careful examination of all these authorities, we do not believe they are in point. In all of them plaintiff's petition stated a cause of action for compensatory damages within the jurisdiction of the trial court. That plaintiff was entitled to nominal damages only was a conclusion from the facts in issue and not from a construction of the petition.

[15-19] In the case before us it appears upon the face of appellant's petition that he has an action for nominal damages and no more. In other words, the face of his petition discloses that he has no substantial right in the cause of action declared. That he places his damages at a sum within the jurisdiction of the district court does not aid the legal conclusion flowing from the facts pleaded. We recognize the general rule to

be "the amount of the controversy is the amount claimed in the plaintiff's petition" (Tarbox & Brown v. Kennon, 3 Tex. 8), and that the trial court has jurisdiction of such amount unless by affirmative pleading the jurisdiction is challenged by a proper plea. But in the cases announcing this rule, the amount claimed in the petition legally flows from the facts pleaded as constituting the cause of action. In the case before us the damages claimed on the facts pleaded by plaintiff cannot be recovered, as a matter of law. His statement that by the acts pleaded he was damaged in the sum claimed is only a conclusion of the pleader, which, on the face of the petition, has no support in law. Judge Townes, in his Texas Pleading, p. 530, says:

"A general demurrer is a suggestion to the court that the facts stated in the pleading demurred to, if true, do not entitle the plaintiff to any relief from the court."

It is the doctrine of our courts that jurisdictional questions can be raised by a general demurrer. Piedmont, etc., Ins. Co. v. Ray, 50 Tex. 511. In point on this case, Judge Townes' proposition should be stated as follows:

"A general demurrer is a suggestion to the court that the facts stated in the pleadings demurred to, if true, do not entitle the plaintiff to any relief from the court within its jurisdiction."

[20] No one would contend that the district court has jurisdiction of an action where the prayer is for only nominal damages, and that is the effect of plaintiff's petition here. In King v. Watson, 2 Willson, Civ. Cas. Ct. App. § 285, the suit was for $350 for breach of contract. The county court sustained a general demurrer against the petition. In sustaining that ruling, Judge Willson said:

"The petition showed a good cause of action for nominal damages. Wherever the breach of an agreement, or the invasion of a right, is established, the law infers some damage, and even if none be proved, will award a nominal or trifling sum. Sedgw. on Dam. 47; Wood & Mayne on Dam. § 6; 1 Greenl. on Ev. § 254; Hope v. Alley, 9 Tex. 395; Moore v. Anderson, 30 Tex. 224. But notwithstanding the appellant in this case was entitled to recover nominal damages under the allegations in his petition, the court did not err in sustaining the demurrer and dismissing the suit because the other damages claimed, being such as were not recoverable, could not be considered in determining the amount in controversy in the suit, and the nominal damages did not confer jurisdiction upon the court. Hibbard v. Telegraph Co., 33 Wis. 558 [14 Am. Rep. 775]; Jones v. King, 33 Wis. 422; Laubenheimer v. Mann, 19 Wis. 519; Hudspeth v. Allen, 26 Ind. 165."

In support of his proposition, Judge Willson cites a decision from the Supreme Court of Indiana. In Reid v. Johnson, 132 Ind. 416, 31 N. E. 1107, by the Supreme Court of that state, plaintiff prayed for damages in the sum of $500. A general demurrer was sustained. In discussing this demurrer it was said:

"When the averments of a pleading are such as to authorize the recovery of nominal damages, and no more, and do not in any way involve the establishment or vindication of any substantial right, it is not available error to sustain a demurrer to it."

See, also, Ferguson Seed Farms v. McMillan (Tex. Civ. App.) 296 S. W. 902.

We believe appellant's proposition should be overruled.

We have given the most careful consideration to the other propositions advanced, and, finding them without merit, the motion for rehearing is in all things overruled.