### JOE G. HARDIN ET AL. v. M. G. JONES ET AL.

Decided May 17, 1902.

1.—Wife's Separate Property—Deed by Husband.

Where a husband buys land for his wife, and, by virtue of a power of attorney from the owner, conveys the land to the wife and delivers the deed to her, no community interest in the land is thereby vested in the husband, and his heirs can claim nothing under the conveyance.

2.—Witness—Discrediting.

Appellants are in no position to discredit the testimony of a witness for whose credibility they have vouched by introducing her as a witness at the trial below.

**3.—Trespass to Try Title—Issues Rendered Immaterial.**

Where plaintiffs sue in trespass to try title as the heirs of H. and fail to show that any title was ever vested in H., error in the rulings of the court upon an issue of forgery in one of the links of the title is immaterial.

**4.—Appeal—Special Issues—Findings Below—Jury Trial—Waiver.**

Under the statutory provision that, upon appeal, an issue not requested or submitted below shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such finding, the appellate court may, in support of a judgment rendered upon special issues, and where the uncontradicted evidence warrants it, ascribe to the trial court a finding upon an issue not submitted to the jury, and appellee's failure to request the submission of such issue was a waiver of his constitutional right of a trial by jury as to that issue. Rev. Stats., art. 1331.

Appeal from Erath. Tried below before Hon. W. J. Oxford.

*W. W. Moores* and *Parker, Carlton & Carter,* for appellants.

*Eli Oxford* and *Daniels & Keith,* for appellees.

CONNER, CHIEF JUSTICE.—Appellants, Joe G. Hardin, Jr., Dora D. Henderson, joined pro forma by her husband J. F. Henderson, and Allie B. Pierce, instituted this suit to recover of M. G. Jones and the other appellees herein part of a one-third league of land situated in Erath County, granted by the State of Texas on the 31st day of October, 1849, to John Riley as the assignee of Thomas McKinnon. Allie B. Pierce was the surviving wife, and Joe G. Hardin, Jr., and Dora D. Henderson were the sole surviving children and heirs of Joe G. Hardin, who died in Comanche County, May 30, 1873. They claimed the land in controversy by virtue of the following title papers: Deed executed or purporting to have been executed by said patentee John Riley on the 16th day of May, A. D. 1853, to one Hugh L. Morrison, recorded in Erath County, February 28, 1873; power of attorney from Hugh L. Morrison to Joe G. Hardin, dated October 10, 1872, recorded in Erath County, April 12, 1873; and deed from Hugh L. Morrison by his attorney in fact Joe G. Hardin, to his wife Allie Hardin, now appellee Allie Pierce, recorded in Erath County, August 28, 1873.

Appellees claimed through conveyances from the heirs of John Riley, and as against Allie B. Pierce plead a judgment for lands, including that in controversy, of the District Court of Erath County in favor of the Riley heirs against Allie Hardin, rendered June 20, 1874.

On the trial the court gave peremptory instruction to the jury to find against appellee Allie B. Pierce, presumably on the ground that said judgment against her in favor of the Riley heirs, which had been offered in evidence, was a bar to any recovery by her herein. No error is assigned to this action of the court, and hence the claim of Allie B. Pierce is effectively disposed of. Appellees charged that the said deed from John Riley to Hugh L. Morrison and the power of attorney from Morrison to Joe G. Hardin were forgeries, and it was upon this issue

that the verdict was for appellees as against the other appellants, and it is to this issue alone that the assignments of error relate.

The principal errors charged are to the action of the court in permitting certain witnesses to testify that immediately after Joe G. Hardin's death, in 1873, a number of seals of county courts of Texas were found concealed at his home, and that at and prior to Hardin's death his general reputation was that of a land title forger. We find it unnecessary to determine whether this evidence was admissible, as the error of the court, if any, in admitting it is immaterial in view of the following uncontroverted evidence given by Allie B. Pierce. She testified, among other things, in relation to the deed from Hugh L. Morrison to her by her husband as attorney in fact: "I was married to Joe G. Hardin prior to October, 1872, and was living at Comanche the 10th day of October, 1872, and my husband was a lawyer and land agent at that time. He died on the 30th day of May, 1874. He was killed in Comanche at said time. I do not remember the consideration of said deed, nor the number of acres actually conveyed to me by said deed and the amount of money I actually paid for the land. My husband told me that he paid this money for said land for me and I do not remember the consideration. My husband turned the deed over to me. He bought this land and had the deed made to me."

This testimony, uncontradicted and unmodified as it is, under a long line of decisions in this State, establishes the proposition that the deed from Hugh L. Morrison to Allie B. Hardin vested in her, if anything, the separate right and estate to the land in controversy, and hence that no community interest therein ever vested in Joe G. Hardin, if in any event, under the circumstances shown by appellants herein, we should otherwise hold that Hardin could thus vest in himself such community interest. See Higgins v. Johnson, 20 Texas, 389, and authorities cited in note on this case in volume 1 Notes on Texas Reports, pages 783, 784. This being true, no title or interest ever descended from Joe G. Hardin or vested in appellants Joe G. Hardin, Jr., or Dora D. Henderson, his heirs, who herein claim as such.

The record fails to suggest that any person now living was in as good position to know the circumstances attending the delivery of the deed from Joe G. Hardin to his wife, and the intent with which it was delivered and accepted, as Mrs. Allie B. Pierce, the mother of the other appellants, and they are in no position to discredit her testimony, having introduced her and thus vouched for her credibility as a witness on the trial below. It follows that upon the undisputed testimony of Allie B. Pierce on the issue here discussed the court would have been authorized to have peremptorily instructed the jury against all of the appellants regardless of the state of the evidence on the issue of forgery. Errors, therefore, relating to the latter issue alone become immaterial.

The judgment is affirmed

*Affirmed.*

Writ of error refused.