## George M. Clifton v. S. S. Charles.

### Decided January 27, 1909.

#### 1.—Vendor and Vendee—Executory Contract—Breach—Liability.

It is settled law in this State that when a vendor in a contract to convey land did not have title at the time the contract was made and was therefore unable to make title, the purchaser is not entitled to recover the difference between the contract price and the market value of the land, but is confined, if he has paid the purchase money, to the return thereof with interest from date of payment, and such special damages as he may have suffered by reason of having been induced to enter into the contract; and if he has not paid the purchase money, then he is confined to his special damages, if any, which he must allege and prove.

#### 2.—Same—Same—Specific Performance.

Ownership by the vendor of the land which is the subject matter of a contract of sale, lies at the foundation of an action by either the vendor or the vendee to enforce specific performance of the contract.

#### 3.—Same—Same—Pleading—Judgment.

Where plaintiff's action was simply for specific performance of a contract

for the sale of land or, in the alternative, for damages for its breach, and it appeared from the evidence that the defendant vendor never had title to the land and that the plaintiff had paid no part of the purchase money, it was error for the court to render judgment against the defendant for damages for wrongfully inducing plaintiff to enter into a contract with him to buy land which he did not own and could not sell. Plaintiff's action was for a breach of a contract, the judgment was for a tort.

Appeal from the District Court of Webb County. Tried below before Hon. J. F. Mullally.

*Atlee & Atlee* and *Ogden, Brooks & Napier,* for appellant.—There is no pleading in this cause on which to base the judgment rendered herein, for the reason that this suit was not brought for damages for false representation, but was brought on the theory that the defendants owned the land and had wilfully refused to convey the same, and asking for specific performance and for damages in the alternative, and the court finds that the defendants did not own the land either at the time the contract was made or at the time of the trial. Reynolds v. Johnston, 13 Texas, 214; Tumlinson v. York, 20 Texas, 694; Taylor v. Rowland, 26 Texas, 293.

Where a vendor in a contract to convey land did not have title at the time the contract was made, and is therefore unable to make title, the purchaser is not entitled to recover the difference between the contract price and the market value of the land, but is confined, if he has paid the purchase money, to the return thereof with interest, and such special damages as he may have incurred by reason of having been induced to enter into the contract, and if he has not paid the purchase money, then he is confined to his special damages, which must be alleged and proven. Hall v. York, 22 Texas, 641; Wheeler v. Styles, 28 Texas, 240; Roberts v. McFadden, 74 S. W., 110; Phillips v. Herndon, 78 Texas, 380; Hollingsworth v. Mexia, 37 S. W., 457; Johns v. Hardin, 81 Texas, 41; Espey v. Boone, 75 S. W., 570; Sutton v. Page, 4 Texas, 142.

*C. C. Clamp, S. S. Searcy* and *Bertrand & Arnold,* for appellee.

NEILL, Associate Justice.—Briefly stated, this is a suit by the appellee against the appellant and his brother, C. H. Clifton, as partners, for specific performance, or, in the alternative, to recover damages for its breach, of a contract for the sale of forty-two sections of land situated in Webb County, Texas, alleged to be of their partnership property. It was averred that the contract was made on December 10, 1906, by the defendants through their authorized agents, whereby they agreed to sell and the plaintiff to buy from them the land, which comprised 26,880 acres, at the price of $1.62½ per acre, 22½ cents per acre to be paid cash, 65 cents per acre in the form of a note payable six years after date with interest at the rate of four percent per annum, and 75 cents per acre in the form of two notes payable one year after date with interest at the rate of six percent per annum. Other provisions of the contract were alleged which, because immaterial to the decision of the case, we deem unnecessary to

recite. Plaintiff alleged, though he had performed in part and had tendered performance in full of his part of the contract, that defendants, though requested, had wholly failed and refused to perform their agreement or any part thereof. It was also averred in plaintiff's petition that the market value of the land when the contract was made was $2.00 per acre. The petition closes with a·prayer for a decree compelling a specific performance by the defendants of the contract, or, in the alternative, for damages in the sum of $10,000 for its breach.

The defendants filed separate answers. The answer of each consists of a general and special demurrer, a general denial, and a denial under oath of the alleged partnership.

The case was tried without a jury and judgment was rendered in favor of the plaintiff against the appellant, Geo. M. Clifton, for damages of 12½ cents per acre for 26,880 acres, amounting in the aggregate to $3,360, and against the plaintiff in favor of the other defendant. The trial court filed the conclusions of fact and of law upon which its judgment was rendered. We shall notice only such of the conclusions as we deem essential to a disposition of this appeal.

Pretermitting any question as to the validity of the contract sued on, arising from the lack of authority of the alleged agents to make it for appellant, we conclude in accordance with the findings of the trial court that the contract set out in plaintiff's petition was entered into by the appellant through his agents and the defendant in person; that the appellant, when he authorized his agents to effect the·sale, represented to them that he and his brother were the owners, that he had authority to act for his brother in selling the land, and that appellant approved the sale effected by such agents; that appellant's codefendant was in no way a party to such contract and knew nothing of it whatever until after this suit was instituted; that neither àt the time the appellant authorized the parties, alleged to be his agents, to procure a purchaser for the lands, nor at the time such agents effected the contract of sale, did the appellant or his codefendant own said lands or any part thereof; but on the contrary, all of said land was owned by the Southern Land & Live Stock Company, a corporation, whose deeds thereto, duly recorded, were of record in Webb County where the land is situated, of which neither the agents of appellant, who effected the sale, nor the appellee, had any actual notice or knowledge save the constructive notice which the law charged them with by reason of the record of said deeds.

The fourth conclusion of law found by the trial court is as follows: "Defendant Geo. M. Clifton, by representing himself and his brother as the owners of the land, and by representing that he had authority to act for his brother, and by authorizing the agents to sell the land, and by approving the sale made by them, and by directing them to close said sale, became liable to plaintiff as if said representations were true. Having failed to comply with the contract to convey and not having procured a conveyance to be made by the Southern Land & Live Stock Company, he is liable in damages for the difference between the contract price and the fair market value of the land when· it should have been conveyed, 12½ cents per acre on 42 sections, or

26,880 acres, amounting to $3,360, for which amount judgment for plaintiff is· entered against him."

The ninth and eleventh assignments of error are:  Ninth:  "The court erred in the fourth conclusion of law in holding appellant liable as for false representations when the recovery is not sought upon the grounds of false representations made by appellant, it appearing from the pleadings and from the evidence that plaintiff sues only for specific performance or damages upon a contract for the sale of land."

Eleventh:  "The court erred in its fourth conclusion of law in holding appellant liable for failure to procure a conveyance to be made by the Southern Land & Live Stock Company, it not appearing from the pleadings nor from the evidence that appellant had bound himself to procure such a conveyance of the lands mentioned in the contract sued on."  Each of these assignments is submitted in appellant's original brief as a proposition.

In a supplemental brief, the filing of which in the District Court was waived by appellee's counsel, additional propositions are asserted under the ninth assignment, which are as follows:

1.  "There is no pleading in this cause on which to base the judgment rendered herein, for the reason that this suit was not brought for damages for false representation, but was brought on the theory that the defendants owned the land and had wilfully refused to convey the same, and asking for specific performance and for damages in the alternative, and the court finds that the defendants did not own the land either at the time the contract was made or at the time of the trial."

2.  "The court having found that the defendant, Geo. M. Clifton, did not have title to the land at the time the contract was made by the agents, McAfee and Arnold, and no special damages having been shown, the plaintiff was not entitled to any recovery herein."

3.  "Where a vendor in a contract to convey land did not have title at the time the contract was made, and is therefore unable to make title, the purchaser is not entitled to ·recover the difference between the contract price and the market value of the land, but is confined, if he has paid the purchase money, to the return thereof with interest, and such special damages as he may have incurred by reason of having been induced to enter into the contract, and if he has not paid the purchase money, then he is confined to his special damages, which must be alleged and proven."

(These additional propositions are also presented in the supplemental brief as errors apparent of record.)

These two assignments will be considered and disposed of together.

Under an executory contract for the sale of real property the obligations of the parties are mutual and reciprocal.  That of the vendor, if he owns the property, is, upon the vendee's paying or tendering the purchase money, to make him a deed conveying the property in accordance with the terms of the agreement; and that of the vendee, upon the vendor's tendering him a conveyance of the property, is to pay the purchase money or do whatever he agreed to in consideration of the conveyance.

If the vendor fails or refuses to perform his obligation, the vendee

has two remedies against him. He may either compel him, through a court of equity, to make specific performance of the contract; or to respond in damages for its breach, the measure of which is ordinarily the difference between the market value above the contract price.

If the vendee fails or refuses to pay the consideration, the vendor likewise has two remedies. He may either tender him a deed to the premises and compel him by a decree in equity to accept it and pay him the purchase money; or he may maintain an action for damages caused by the vendee's breach of the contract, the measure of which is ordinarily the excess of the contract price over the market value of the land at the time the contract should have been performed.

Ownership by the vendor of the land which is the subject matter of the contract, lies at the foundation of an action by either party to enforce the first of his remedies. For if he be not the owner, at least at the time of the action, he can not be compelled by any court to convey that to which he has no title, nor can the vendee be forced to pay the purchase price and accept a conveyance from him. A court of equity never does a vain and useless thing. To compel one, in the performance of his contract, to convey land which does not belong to him, or the other party to the contract to pay out his money and accept a deed which conveys no title, would be not only futile, but too unjust to be contemplated by a court of chancery. Nor could the vendor recover damages against the vendee as for a breach of contract. These principles are too apparent to require citation of authority.

This leaves for solution the question, whether one who has contracted to convey land which he did not own when the contract was made, nor afterwards, can be held liable in an action *ex contractu* for the excess of the market value of the land at the time the contract was made or should have been performed, over the contract price? It seems to be settled law in this State that where a vendor in a contract to convey land did not have title at the time the contract was made, and is therefore unable to make title, the purchaser is not entitled to recover the difference between the contract price and the market value, but is confined, if he has paid the purchase money, to the return thereof with interest from date of payment, and such special damages as he may have incurred by reason of having been induced to enter into the contract; and if he has not paid the purchase money, then he is confined to his special damages, which he must allege and prove. Hall v. York, 22 Texas, 642; Wheeler v. Styles, 28 Texas, 240; Roberts v. McFadden, 32 Texas Civ. App., 47; Hollingsworth v. Mexia, 14 Texas Civ. App., 363; Sutton v. Page, 4 Texas, 141; Jones on Real Property in Convey., sec. 943. The principle stated is a corollary to the rule that the measure of damages for a breach of the covenant of seisin, where no interest has passed, is the consideration paid with interest, which is based upon the supposition that the grantee took nothing by the conveyance, for the reason that the grantor had no interest to convey. If, in cases where the vendor had no title either at the time the contract was made or between that date and the trial, the rule was otherwise than as just stated for a breach of the covenant of seisin, "then," as is aptly said by counsel for appellant in

their supplemental brief, "the vendor could easily avoid its effect by delivering to the purchaser a warranty deed and accepting the purchase money. Suppose in this case the appellant had recognized the validity of the contract and had tendered the purchaser a warranty deed to the land, and the purchaser had accepted it and paid him the full amount of the purchase money, and afterwards had discovered that defendant had no title to the land? It is undisputed that in such case the measure of damages on the warranty would have been simply the purchase money or the portion thereof that he had paid, with interest thereon." As is said in Roberts v. McFadden, *supra,* "The same rule is applied in most jurisdictions for the breach of executory contracts to convey real estate, and if the rule in the one case is sound we can perceive no reason why it should not apply in the other, for manifestly the same reason exists for its application."

From these principles of law it follows that the judgment appealed from was wholly unauthorized by plaintiff's pleading. For as the damages laid by plaintiff's petition were upon a breach of a contract to convey the land, they could only be ascertained and measured by the rule pertaining to that character of an action, which, as we have seen, is the consideration paid with interest, which can not be applied to a case like this where the grantor had nothing to convey and no consideration was ever paid. In fact, the trial court's fourth conclusion of law, herein copied, shows conclusively that the judgment rendered was not for a breach of a contract to convey the lands, but for wrongfully inducing plaintiff through his (defendant's) agents to enter into a contract with him to buy lands which he did not own and had no right to sell. In other words, the action was for a breach of contract, and the judgment rendered was for a tort. A wider departure from the principles which must govern a court in rendering a judgment can scarcely be conceived. What would have been the measure of damages if the facts upon which the court's conclusion shows it rendered the judgment had been alleged and made the basis of plaintiff's action, is not for us to decide until a case comes before us properly presenting such question for decision. It is enough to say that the judgment appealed from finds no support in the pleadings, nor in any evidence that could have been properly introduced under them.

The assignments referred to are sustained, and, as it clearly appears that the plaintiff is not entitled to recover anything under the pleadings and evidence appearing in the records, the judgment is reversed and judgment is here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.