BIRD v. LESTER et al.    (No. 576.)

(Court of Civil Appeals of Texas. Amarillo. March 14, 1914. Rehearing Denied April 25, 1914.)

1. HUSBAND AND WIFE (§ 119*)—CONVEYANCES—SEPARATE ESTATE.

A conveyance by a husband to his wife by a deed reciting a valuable consideration and duly recorded vested title in the wife as her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 424–429, 447; Dec. Dig. § 119.*]

2. SPECIFIC PERFORMANCE (§ 116¾*) — PROCEEDINGS—PLEADING—PETITION.

A petition for specific performance and for damages if specific performance is impossible, which showed on its face that the vendor did not own the land at the time he contracted to sell, was subject to general demurrer as to the portion seeking specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 376; Dec. Dig. § 116¾.*]

3. VENDOR AND PURCHASER (§ 349*)—CONTRACT—BREACH BY VENDOR—DAMAGES RECOVERABLE—PURCHASER.

A petition seeking damages to the amount of the difference between the contract price and market value, for failure to convey land that defendant did not own when he contracted to sell it, which did not allege fraud or a willful refusal to convey, was subject to general demurrer, as plaintiff was not entitled to recover such damages.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1033, 1039–1042; Dec. Dig. § 349.*]

Error to District Court, Garza County; W. R. Spencer, Judge.

Action by J. A. Bird against J. P. Lester and others. From a judgment on demurrer for defendants, plaintiff brings error. Affirmed.

See, also, 163 S. W. 658.

R. N. Grisham, of Sweetwater, for plaintiff in error. J. D. Martin, of Alpine, and Higgins & Hamilton, of Snyder, for defendants in error.

HALL, J. The plaintiff in error instituted this suit in the district court of Garza county, against defendants in error, J. P. Lester and wife, Loula Lester, and their vendees, H. G. Smith and J. P. Crowley. The petition contains three counts. In the first count plaintiff in error seeks specific performance of a certain contract executed in the name of J. P. Lester, in which the name of Loula Lester was signed "by J. P. Lester," and reciting that the said Lester had executed a deed of conveyance to a certain section of land described in the contract for and in consideration of the sum of $2,500, paid to the said Lester by the said Bird, as follows: "That whenever the above deed is duly executed and signed by the wife of the party of the first part and returned to the first National Bank of Post City, Texas, the said J. A. Bird, party of the second part, is to pay over to the said bank, for the benefit and credit of the said J. P. Lester, $1,000 in cash and receive from the said bank the above-mentioned deed and the remaining $1,500 to be paid to the said J. P. Lester by the said J. A. Bird, in mares to be delivered at Roswell, New Mexico, on the first day of April, 1913, the same being fifteen mares at $100.00 each, aggregating and making the $1,500 above stated; and it is hereby agreed by both parties hereto that the said mares are to be cut out of a herd of mares owned by the said J. A. Bird, now located in New Mexico, by C. A. Buchanan, and the said J. P. Lester does hereby agree to accept the cut by the said Buchanan as above stated." There are stipulations in the contract which we do not deem it necessary to set out. The second count of plaintiff's petition seeks to recover damages in the event specific performance cannot be decreed. The third count is confusing, and we are not sure what relief plaintiff seeks other than the return of the deed which Lester had signed and which it is alleged was delivered to Lester for the purpose of procuring the signature of his wife thereto, and in the alternative for damages by reason of the failure to return the deed. It is shown in the petition that, after the execution of the contract, Lester and wife conveyed the land in question to H. G. Smith and J. P. Crowley, and both specific performance and damages. is sought against them as vendees. The defendants filed general demurrers, which were sustained by the court, and plaintiff's assignments of error are based upon this action of the trial court.

[1, 2] Plaintiff's petition shows that J. P. Lester, prior to the time the contract of sale sued upon was entered into, had conveyed the property to his wife, Loula Lester, by deed reciting a valuable consideration and duly recorded in the deed records of Garza county. The effect of this conveyance was to vest title to the section of land in Mrs. Lester as her separate property. Emery et al. v. Barfield, 156 S. W. 311; Jones v. Humphreys, 39 Tex. Civ. App. 644, 88 S. W. 403; Watts v. Bruce, 31 Tex. Civ. App. 347, 72 S. W. 258; Hardin v. Jones, 29 Tex. Civ. App. 350, 68 S. W. 836. It thus appearing from the face of the petition that J. P. Lester did not own the property at the time he entered into the contract of sale, that portion of the petition seeking specific perform-

ance was subject to general demurrer. Clifton v. Charles, 53 Tex. Civ. App. 448, 116 S. W. 120; Sutton v. Page, 4 Tex. 142; Vaughn v. Farmers' & Merchants' National Bank, 126 S. W. 690; Hall v. York's Adm'r, 22 Tex. 642.

[3] The second count of the petition seeking damages alleges the damages suffered by plaintiff to be the difference between the market value or intrinsic value of the land and the contract price declared to be $3,900. There is no allegation of fraud or willful refusal on the part of Lester to convey the property, and plaintiff is clearly not entitled to recover such damages. Clifton v. Charles, supra; Stinson v. Sneed, 163 S. W. 989 (decided by this court, not yet officially reported). No such special damages as plaintiff would be entitled to recover under the authority of Clifton v. Charles, supra, and kindred authorities, were pleaded or prayed for by plaintiff.

We think the trial court did not err in sustaining the general demurrers, and the judgment is affirmed.