## PALACIOS v. HERNANDEZ.    (No. 7438.)

(Court of Civil Appeals of Texas.  San Antonio.  Nov. 18, 1925.  Rehearing Denied Dec. 9, 1925.)

1. **Appeal and error** ⚖➡1010(1)—**Findings of trial court not disturbed when supported by evidence.**

Findings of trial court, which are supported by evidence, will not be disturbed on appeal.

2. **Vendor and purchaser** ⚖➡229(1), 232(1)— **Slightest notice of adverse claim or claim by possession puts purchaser on inquiry.**

The slightest notice of an adverse asserted claim, or claim by adverse holding or possession puts a proposed purchaser on inquiry, and such notice would be sufficient, if, when followed up diligently, it would show the real vice.

3. **Vendor and purchaser** ⚖➡228(1)—**That purchaser was led on and urged to consummate deal held not to obviate notice of adverse claim.**

Where prospective purchaser had notice of equitable interest to land in controversy, it is immaterial that he was led on and urged to consummate deal.

Appeal from District Court, Duval County; Hood Boone, Judge.

Suit by Remigia Maldonado de Hernandez against J. V. Palacios.  Judgment for plaintiff, and defendant appeals.  Affirmed.

See, also, 277 S. W. 713.

J. F. Clarkson, of San Diego, for appellant.

COBBS, J. [1] This suit was brought by appellee, a married woman, by virtue of the order of the court allowing her to sue in her own name to recover 40 acres of land against appellant.  The case was tried before the court without a jury.  The appellant has filed a full brief, but appellee has filed none, and elected to stand on his motion to dismiss the appeal as shown by the written opinion filed herein overruling the appellee's motion; and we do not have any aid or assistance from the appellee on the merits of the appeal.  However, the honorable trial court has filed a very full statement of his findings of fact and conclusions of law, which cover every phase of the case and are in favor of appellee.  While the findings are quite long, they give a very full account of the transaction between the parties.  They will not be disturbed because a careful reading of the statement of facts supports the court's findings.

[2] The slightest notice to a proposed purchaser of an adverse asserted claim or claim by an adverse holding or possession puts a party upon inquiry.  It is true it has no effect in determining what the inquiry shall be, but it must be made, and, if, followed up diligently, it would show the real vice, then such notice would be sufficient.  Nothing short of that character of inquiry will ac-

quit the party of negligence.  The court has found that appellant had such notice of the vice in the sale of the property as would not excuse appellant or make him a good-faith purchaser.  Eylar v. Eylar, 60 Tex. 315; Love v. Breedlove, 75 Tex. 649, 13 S. W. 222; Girardeau v. Perkins, 59 Tex. Civ. App. 552, 126 S. W. 633; Tuerpe v. Geo. Saunders Com. Co. (Tex. Civ. App.) 245 S. W. 742.

[3] Of course we have nothing to do with the conflict in the testimony; that was for the trial court to solve.  On the issue that appellant had notice at the time of his purchase that Salazar had an equitable interest in the land in controversy, the court solved against appellant by his findings.  It makes no difference whether he was led on and urged to consummate the deal or not, the result is the same.  Hill v. Newman, 67 Tex. 265, 3 S. W. 272; De Garcia v. Lozano (Tex. Civ. App.) 54 S. W. 280; Hardin v. Jones, 29 Tex. Civ. App. 350, 68 S. W. 836.

Finding no reversible error assigned, the judgment of the trial court is affirmed.