**FARMERS MUT. ROYALTY SYNDICATE, Inc., et al. v. ISAACKS.**

**No. 5113.**

Court of Civil Appeals of Texas. Amarillo.

Feb. 12, 1940.

Phillips, Trammell, Estes, Edwards & Orn, Edwin T. Phillips, Jr., and Joe E. Estes, all of Fort Worth, and Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Okl., for plaintiffs in error.

Mahan & Broughton, of Childress, for defendant in error.

STOKES, Justice.

This is a suit in trespass to try title filed by defendant in error, W. F. Isaacks, against plaintiffs in error, Farmers Mutual Royalty Syndicate, Inc. and Farmers Royalty Holding Company, private corporations, and G. T. Blankenship, to recover 204¾ths acres of land out of Sec. No. 62, Blk. H. of the B. S. & F. Survey in Hall County. Plaintiffs in error answered by plea of not guilty, Blankenship alleging that he had conveyed all of his interest to his co-defendants and the two corporations setting up title in themselves to certain undivided interests in the oil and mineral rights in the land sued for.

The case was submitted to the court without the intervention of a jury and judgment was rendered in favor of defendant in error, from which this writ of error is prosecuted by the named corporations, Blankenship not having appealed.

Under appropriate assignments of error plaintiffs in error contend the judgment is erroneous and should be reversed because, first, they established a superior title to the interests claimed by them; secondly, defendant in error had notice of the unrecorded deeds under which they hold or of facts and circumstances which, if pursued, would have informed him thereof and, thirdly, they assign reversible error in the refusal of the court to permit them to introduce certain documentary evidence and interrogate defendant in error and his attorney concerning their knowledge of the unrecorded deeds which constitute plaintiffs in error's chain of title.

The record shows that J. L. Cromartie is the common source of title and was so recognized by all parties to the suit. On

July 13, 1931, Cromartie executed and delivered to G. T. Blankenship a mineral deed conveying %2nds of the oil, gas and other minerals in and under two tracts of land described as "Sec. 60, Blk. H, A. B. M. Sur. 204-¾ths acres, Sec. 62, Blk. H, B. S. F. Sur., 320 acres containing ———— acres more or less." On the same day he conveyed to plaintiff in error, Farmers Royalty Holding Company, 1%2nds interest in the oil, gas and other minerals in and under the same land, the description being identical with that contained in his deed to Blankenship. On the 28th of March, 1934, Blankenship conveyed to Farmers Royalty Holding Company ½2nds of the %2nds interest which had been conveyed to him by Cromartie, and on the 25th of January, 1937, he conveyed the balance of the oil, gas and mineral rights owned by him to plaintiff in error, Farmers Mutual Royalty Syndicate, which amounted to %2nds interest therein. Thus it will be seen that Farmers Royalty Holding Company procured 1%2nds and Farmers Mutual Royalty Syndicate became the owner of %2nds of the oil and mineral rights in the land sued for unless their title is defeated by the facts relied upon by defendant in error. Plaintiffs in error did not file their deeds for record in Hall County until long after defendant in error purchased the land from Cromartie.

On April 1, 1932, J. L. Cromartie executed and delivered to defendant in error, W. F. Isaacks, a general warranty deed to the land in controversy in which it was described as "204-¾th acres out of Survey No. 62, in Block H, B. S. & F., Certificate No. 1/580, described by metes and bounds as follows: Beginning at the southwest corner of said survey; thence N. 10° E. 1231 vrs. to stake in W. line of said survey; thence E. 928 vrs; thence S. 1231 vrs. to stake in the S. line of said survey; thence W. 949 vrs. to the place of beginning. * * *" This deed was filed in the office of the county clerk of Hall County on the 11th of April, 1932. None of the deeds constituting the chains of title of plaintiffs in error was of record at that time.

On the 30th of December, 1931, G. T. Blankenship made an affidavit, duly sworn to but not acknowledged, in which he stated under oath that he and the Farmers Royalty Holding Company owned an undivided one-half interest in the royalty and minerals in a large number of tracts of land in Hall County, one of which was the two tracts described in his deed, the description given in the affidavit being identical with that contained in his deed from Cromartie. The affidavit stated that the ownership was evidenced by warranty deeds which were then in the possession of Blankenship and the Farmers Royalty Holding Company; that each party had a separate deed to his interest, and that in due season the deed would be recorded in the county where the land was located. This affidavit was filed in the office of the county clerk of Hall County on the 2nd of January, 1932, and recorded by the county clerk in the deed records. Defendant in error purchased from Cromartie on April 1, 1932, and this affidavit was, therefore, recorded in the deed records more than two months before he purchased the land.

The record shows that, when defendant in error was negotiating with Cromartie for the purchase of the land he procured from the Grundy Abstract & Title Company at Memphis a supplemental abstract of the title which was examined by his attorney before the transaction was closed. A copy of the affidavit of Blankenship was inserted in the supplemental abstract and constituted the first page thereof. Upon the trial of the case plaintiffs in error offered in evidence the supplemental abstract of title containing the copy of the affidavit, which was objected to by defendant in error and the objection was sustained. Plaintiffs in error then offered in evidence the original affidavit which was objected to by defendant in error and the objection was sustained by the court. Plaintiffs in error then attempted to prove by defendant in error, Isaacks, and also by his attorney who examined the abstract that, before purchasing the land, both defendant in error and his attorney had seen the copy of the affidavit as shown upon the first page of the supplemental abstract but the testimony was ruled out upon objection of defendant in error. The ground upon which the objections were sustained and the evidence ruled out by the court, was, as contended for in defendant in error's brief, (1) that the affidavit was an instrument which was not authorized by the law to be recorded in the deed records and, therefore, it was a nullity and could not constitute notice of the facts therein stated, and (2) the affidavit was not ac-

knowledged by Blankenship as required by law as a prerequisite to permit title documents to be recorded.

The principal point in the case as presented by the briefs is that the court erred in refusing to permit plaintiffs in error to introduce the copy of the Blankenship affidavit as shown by the supplemental abstract and in refusing to permit them to prove by defendant in error and his attorney that, before closing the deal for the purchase of the land, both of them saw the affidavit in the supplemental abstract. They contend that the evidence was material and that it would have established their contention to the effect that, although their deeds were not of record at the time defendant in error purchased the land from Cromartie, both defendant in error and his attorney had notice that their deeds were in existence, or at least would have shown that they were in possession of sufficient facts and information to require them to pursue an inquiry which would have put them in possession of all the facts concerning the existence of the deeds constituting their chains of title.

▆▆▆ The affidavit was not such an instrument as is authorized by Art. 6626, R. C.S. 1925, Vernon's Ann.Civ.St. art. 6626, to be placed of record in the clerk's office and, therefore, its record did not constitute constructive notice to defendant in error of the facts revealed by it. Copelin v. Shuler, Tex.Sup., 6 S.W. 668; Burnham v. Chandler, 15 Tex. 441. The law recognizes two kinds of notice and the rules concerning each of them are well established by the decisions of the courts. One of these is constructive notice which is imposed by the law upon a purchaser of real estate, whether he has actual knowledge of it or not, of a deed conveying land, the purchase of which is contemplated by him, when the deed is of the nature described in the article mentioned and is duly filed for record. The other is what the law terms "actual notice" which consists in actual or express knowledge or information of a fact or circumstance. The law is well established that whatever fairly and reasonably would put a person of reasonable care and prudence upon inquiry concerning facts or circumstances in connection with the title to property which he contemplates purchasing binds him to a proper and reasonable inquiry concerning the truth and charges him with notice of all facts and circumstances which such reasonable inquiry would reveal. 2nd Pomeroy's Equity, 4th Ed., par. 589; Uvalde Co. v. Tribble et al., Tex.Civ. App., 292 S.W. 932; Palacios v. Hernandez, Tex.Civ.App., 277 S.W. 714.

▆▆ While, as we have said, the affidavit was not such an instrument as could legally be filed and placed of record in the clerk's office, and, under the law, it did not have the effect of visiting upon defendant in error constructive notice of the existence of the deeds under which plaintiffs in error held the oil and mineral interests, the record shows that the abstracters had placed a copy of it in the supplemental abstract and that the attorney for defendant in error examined the abstract. Defendant in error admitted on the witness stand that he saw the abstract. If defendant in error or his attorney read the affidavit or the copy thereof inserted in the supplemental abstract he knew that G. T. Blankenship and the Farmers Royalty Holding Company were claiming to own an undivided one-half interest in the royalty and minerals in the land. He knew furthermore that at least Blankenship was claiming that such ownership was evidenced by warranty deeds which were then in the possession of Blankenship and the Farmers Royalty Holding Company. He knew also that the deeds conveyed separate interests to each of the alleged grantees and that in due season it was contemplated that the deeds would be recorded in Hall County. If his attorney knew these things, it would make no difference whether defendant in error personally knew them or not. He was bound by what his attorney knew concerning them just as effectively as he would have been if he himself had known them. Granting that these statements of Blankenship, although sworn to, did not have the effect of giving to defendant in error the absolute knowledge of the matters therein contained, yet, if he or his attorney read it, it cannot be questioned that defendant in error was, by the contents of the affidavit, placed in possession of the fact that such deeds may be in existence and imposed upon him the duty of making a reasonable investigation. Where one has the duty of making such investigation the careless disregard or ignorance of the facts which such an investigation would have revealed has an effect under the law equal in all respects to actual knowledge. It has been said that actual knowledge embraces those things of which the one sought to be charged has express information, including that which a reasonably diligent inquiry

would have disclosed. Hexter **v.** Pratt, Tex.Com.App., 10 S.W.2d 692.

It was said by the court in Palacios v. Hernandez, supra, that the slightest notice to a proposed purchaser of an adverse asserted claim or claim by an adverse holding or possession puts the party upon inquiry, and in Uvalde Co. v. Tribble, supra, the court approved a charge given by the trial court to the jury which instructed them that any information which was sufficient to put a prudent man upon inquiry will be regarded as notice, if it was of such a character that he might have ascertained the facts by the use of proper diligence. In that case it was held that where the prospective purchaser of property in a city, prior to his purchase, had crossed a street in front of the premises where work of paving the street was in progress, it was sufficient notice to require of him an investigation as to whether or not a paving lien existed against the property.

█ In our opinion, the trial court committed reversible error in denying plaintiffs in error the right to show by the introduction of the copy of the affidavit contained in the supplemental abstract and by the testimony of defendant in error and his attorney that either or both of them had seen the affidavit and through it, or by any other competent evidence, that, at the time and before he purchased the property, defendant in error had notice of, or was in possession of facts sufficient to put him upon inquiry which would have revealed the existence of, the mineral deeds held by plaintiffs in error.

█ Defendant in error contends that the description contained in the deeds held by plaintiffs in error was wholly insufficient as a legal description of any land whatever and that an inspection of them would not have revealed information of a nature sufficient to overcome the prima facie case made by him when he introduced his deed from the common source of title. If section 62 contained more than 320 acres, we believe it may be conceded that the descriptions contained in the deeds were wholly inadequate and insufficient to constitute a conveyance of specific land. The record does not show the amount of land contained in Sec. 62. The land purported to be conveyed is described as Sec. 62, Blk. H, B. S. & F. 320 acres. If the section or survey contained only 320 acres the description is probably sufficient to convey the entire section. If the section contained more than 320 acres, obviously the tract conveyed is not located and the deeds fail as conveyances of specific tracts. Plaintiffs in error had the equitable right, however, to have the deeds reformed. First State Bank v. Jones, 110 Tex. 623, 183 S.W. 874. If the transactions represented by them were legal in other respects, equity would reform the deeds so as to correct the erroneous or inadequate descriptions if they were the result of mutual mistake or arose in some other manner cognizable in equity. In all events the deeds would have revealed to defendant in error the transaction theretofore had between plaintiffs in error and Cromartie and Blankenship and were certainly sufficient to charge defendant in error with notice of the equitable right of plaintiffs in error to have the deeds reformed if necessary. There is no escape, therefore, from the conclusion that, whether plaintiffs in errors' rights were legal or equitable, defendant in error was charged with notice of them if he or his attorney read or saw the affidavit of Blankenship or the copy of it that was inserted in the supplemental abstract.

█ The record reveals a controversy between the parties as to the burden of proof in respect to the matter of notice, each party contending that the other had the burden of establishing knowledge and notice vel non on the part of defendant in error when he purchased the land. The rule is that if the survey contained only 320 acres and the descriptions in the deeds were, therefore, valid, both parties would be claiming a legal title. In that event the burden rested upon defendant in error to show that he did not have notice and was in all respects an innocent purchaser for value. Not only would he have to establish the absence of knowledge concerning the deeds held by plaintiffs in error, but also that he paid a valuable consideration. The recitation in his deed which he held from Cromartie would not be sufficient but he would have to go further and establish it by extrinsic evidence. On the other hand, if the section No. 62 actually contained more than 320 acres, the least that can be said of the rights and interests of plaintiffs in error is that they were equitable, and in that event the burden of proof rested upon them to produce evidence of notice on the part of defendant in error when he purchased the land from Cromartie. Teagarden v. R. B. Godley Lbr. Co.,

105 Tex. 616, 154 S.W. 973; Ryle v. Davidson, 102 Tex. 227, 115 S.W. 28; Silverman v. Harmon, Tex.Civ.App., 250 S.W. 206; Turner v. Cochran, 94 Tex. 480, 61 S.W. 923; McAlpine v. Burnett, 23 Tex. 649; Watkins v. Edwards, 23 Tex. 443.

For the errors discussed, the judgment of the court below will be reversed and the cause remanded.