**ANTWINE v. REED.**

No. 2674.

Court of Civil Appeals of Texas.
Tenth District.

May 2, 1946.

Rehearing Denied May 22, 1946.

H. H. Cooper, of Amarillo, and T. Wesley Hook, of Alvarado, for appellant.

H. J. Cureton, of Meridian, for appellee.

HALE, Justice.

This suit involves 160 acres of land situated in Bosque County. Amarillo National Bank, hereafter referred to as the bank, conveyed the property in controversy to appellant by general warranty deed dated June 1, 1945, for a cash consideration of $1,600. Appellee instituted the suit on June 30, 1945, alleging that he had entered into a written contract with the bank dated October 20, 1944, for the purchase of the property at the price of $1,280 and that appellant had acquired the legal title thereto with full kuowledge of such contract. He sought to recover the title and possession of the land from appellant by paying to him the agreed price of $1,280. Appellant answered with a plea in abatement on the ground that the bank was a necessary party to the suit. He also pleaded that the contract sued upon was invalid because, among other reasons, after the bank had signed the same it withdrew its offer to sell before appellee had accepted the offer in such manner as to close the written agreement. The case was tried by the court without a jury and resulted in judgment for appellee. No request was made for findings of fact and conclusions of law and none was filed.

Under the first point in his brief appellant says the judgment should be reversed because the court erred in overruling his plea in abatement in that the bank was a necessary party to the suit. We cannot agree with this contention. Although appellee prayed for specific performance of his contract, the dominant purpose of his suit as disclosed by his pleadings was to recover the title and possession of the land in controversy from appellant and not from the bank. Mecom v. Gallagher, Tex.Civ. App., 192 S.W.2d 804. Since the bank had parted with its title to the land prior to the time when the suit was instituted, we do not think it was a necessary party to the cause of action asserted by appellee. 38 Tex.Jur. 756, Sec. 73; 87 A.L.R. 1520; 50 A.L.R. 1316; Hart v. Wilson, Tex.Civ. App., 281 S.W. 339; Id., Tex.Com.App., 288 S.W. 133; Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555. No effort was made by appellant to implead the bank under its warranty of title to him. While the bank doubtless could have been made a proper party to the suit if its presence as such was desired by appellant for the full protection of his rights, the affirmative duty rested upon appellant and not upon appellee to so implead it into the litigation. Having failed to do so, appellant is not now in any position to complain of the judgment because the bank is not a party to the same.

Appellant further contends in effect that the judgment should be reversed because the undisputed evidence shows the bank's offer to sell the land to appellee, as embraced in the written contract dated October 20, 1944, had lapsed by the expiration of a reasonable time and was expressly

withdrawn before it was accepted, by appellee in such manner as to complete the contract. In passing upon the contentions thus asserted it is the duty of this court to view the evidence as a whole in its most favorable light from the standpoint of appellee and to assume that the trial court resolved all issuable facts in such manner as to support the judgment from which this appeal has been perfected.

The evidence shows that the bank had listed the land with a real estate agent at Meridian, Texas, for sale at $10 per acre. On October 17, 1944, the agent wrote the bank that appellee had made an offer of $8 per acre or $1,280 for the land, suggesting that if this offer was acceptable the bank prepare a contract of sale and forward to him for appellee's signature. Under date of October 20th the bank wrote the agent that appellee's offer had been accepted, that formal contract of sale had been prepared in accordance therewith and signed on behalf of the bank in duplicate and was being enclosed for the signature of appellee, one original thereof to be retained by appellee and one to be returned to the bank after both had been signed by appellee. No time limit was set for the signing and return of the same. The proposed contract was enclosed with the letter. It contained certain usual provisions which were not covered in the letter from the agent to the bank, such as the time for title examination and the curing of defects, if any. It also required appellee to deposit with the agent $128 in earnest of the contract, subject to the conditions therein specified, and provided that possession of the property would not be delivered to appellee prior to January 1, 1945.

Upon receipt of the letter and proposed contract the agent proceeded to the ranch of appellee, located several miles distant from the town of Meridian, where he found appellee busily engaged with a power saw in the clearing of timber. Since appellee did not have time to examine the proposed contract under the existing circumstances, the agent left both copies of the same with him, together with the letter to the agent from the bank, suggesting that he sign the contract and return one copy thereof to the agent at his convenience. Appellee testified that he was involved at that time in the performance of an $800,000 contract for the construction of a United States Army Base at Ada, Oklahoma, and was required to spend practically all of his time in supervising that project until it was completed on December 11th; that he returned home immediately after the completion of the project and on December 13th went to the office of the agent in the town of Meridian for the purpose of closing the proposed contract with the bank according to its terms but the agent was not in his office; that he returned the next day to the agent's office for the same purpose and was advised that the agent was out of Meridian on account of illness; that his best recollection was he had signed the contract at the time he went to the agent's office on the 13th of December; that he had read over the contract and examined it shortly after it had been delivered to him and he had no objection to any provision therein contained and thereupon he accepted it and his delay in signing and making the required deposit with the agent was brought about by reason of his trips to Oklahoma and the agent's illness and absence from Meridian.

Under date of November 15th the bank wrote the agent inquiring why the contract had not been signed and returned to it. The agent wrote the bank on November 20th explaining that appellee was in Oklahoma but was expected back in Texas by the last of the week at which time the transaction would probably be closed. On December 18th the bank called the agent by long distance telephone in Fort Worth, where he was confined on account of illness, and asked if the contract had been signed and upon being advised by the agent that so far as he knew it had not, the bank informed the agent it would not go on with the contract because it had received a better offer for the land. On December 20th the bank entered into a contract with appellant for the sale of the land at the price of $1,600. The agent met appellee on the highway some time after Christmas and stated to him that the bank had declined to proceed further under the proposed contract with him. At that time appellee protested and advised the agent that

the bank "cannot do that to me." On January 2, 1945 appellee delivered the signed contract to the agent at his office in Meridian, deposited with him the sum of $128 and demanded performance of the contract. On January 12th, appellee acknowledged the execution of his copy of the contract and caused the same to be recorded in the deed records of Bosque County. When appellant signed his contract on December 20, 1944, he did not have notice of the contract or negotiations between the bank and appellee but he acquired full knowledge of the transaction before he paid to the bank the purchase money for the land on June 1, 1945.

It is not practicable to set forth even the substance of all the evidence adduced at the trial. Although there were certain conflicts in the testimony, we think the evidence as a whole was sufficient to warrant the trial court in finding as a fact that the offer of the bank to sell the land to appellee as evidenced by the written contract dated October 20, 1944 had not lapsed by the expiration of a reasonable time before such offer was accepted by appellee in such manner as to constitute a valid and enforceable agreement between the bank and appellee. It is apparent from appellee's testimony that he thought, at all times after he had read the bank's letter of October 20th and had examined the signed contract enclosed with such letter, he was under a binding written agreement with the bank for the purchase and sale of the land, his view being that the agent's offer on his behalf and the bank's acceptance thereof constituted a valid agreement, independent of the formal contract. In fact, appellee's counsel urges that contention in his brief as a basis for the affirmance of the judgment. While we are not in accord with the legal conclusion thus asserted, we think the trial court was authorized to consider all of the facts and circumstances in evidence in determining what would constitute a reasonable time within which appellee might properly evidence his acceptance of the bank's offer to him. It does not appear that the agent or the bank communicated with appellee at any time after the agent left the proposed contract with him until shortly before January 1, 1945. Appellee knew that under the terms of the proposed contract he could not secure possession of the property until the latter date.

In order to be valid and enforceable a contract for the purchase and sale of real estate must be evidenced in writing and signed by the party sought to be charged therewith. We also recognize the general rule that an offer to sell real estate, even though it be evidenced by a written contract duly signed by the seller and delivered into the possession of the purchaser, may be withdrawn by the seller so as to prevent the proposed contract from becoming effective, provided the purchaser is properly notified of such withdrawal before he has signed the contract and properly communicated his acceptance thereof to the seller. However, under all the evidence in this case we cannot hold as a matter of law that the bank had withdrawn its offer to sell the land to appellee or had properly notified him of such withdrawal prior to the time when appellee signed the contract. If he actually signed the contract on December 13, 1944, and went to the office of the agent at that time for the purpose of delivering a signed copy thereof to the agent and making the required deposit of earnest money as he had been instructed to do, then we do not think the bank could thereafter withdraw its offer so as to prevent the contract from becoming effective. The fact that the agent was absent from his office on account of illness was a circumstance over which appellee had no control and we cannot say as a matter of law that he breached any duty which he owed to the bank or forfeited his right to insist on the validity of his contract by failing to deliver the signed copy thereof to the agent sooner than he did.

Appellant was not an innocent purchaser of the land without notice of appellee's claims. Although he had no notice of the contract on December 20, 1944 at the time when he agreed with the bank to purchase the land, he acquired full knowledge of the transaction before he paid the purchase price to the bank on June 1, 1945. As stated in 43 Tex.Jur. 656, Sec. 387: "* * * the true criterion seems to be,

not whether he entered into the contract or received a conveyance without notice of a conflicting right, but whether he paid the purchase price without such notice." See also Durst v. Daugherty, 81 Tex. 650, 17 S.W. 388; Palacios v. Hernandez, Tex. Civ.App., 277 S.W. 714, error dismissed; English v. Plumlee, Tex.Civ.App., 291 S.W. 922. Having acquired the legal title to the land and having paid the purchase price therefor with notice of appellee's claims, appellant held the property in controversy subject to the superior equitable rights of appellee with respect thereto. 43 Tex.Jur. 657, Sec. 388; Browne v. King 111 Tex. 330, 235 S.W. 522; Mecom v. Gallagher, Tex.Civ.App., 192 S.W.2d 804.

Because we find no reversible error in the case all of appellant's points are overruled and the judgment of the trial court is affirmed.